KENDRICK, *Treasurer, versus* CROWELL *&* al.

A promissory note given to their treasurer, for the penalties belonging to a town upon conviction of the defendant, for a violation of § 6, c. 205 of the Acts of 1846, is for an illegal consideration and void.

ON EXCEPTIONS, RICE, J., presiding.

ASSUMPSIT on a note of hand for $174,50, dated March 29, 1850.

The general issue was pleaded.

Crowell, one of the defendants, was arrested and tried on twenty-one warrants, before a magistrate, for violations of " an Act to restrict the sale of intoxicating drinks," approved August 16, 1846, and was convicted and ordered to pay a fine and the costs on each complaint. From these judgments an appeal was entered and allowed.

Afterwards, the complainants and one of the selectmen of Gardiner, and said Crowell, (the offences having been committed in Gardiner,) met and agreed to settle said prosecutions. Crowell agreed to pay and did pay the fines and costs thus:— to the complainants, half of the fines, the costs to the magistrates; and the half of said penalties belonging to Gardiner, in and by the note in suit, all agreeing thereto. Crowell furnished sureties on the note.

The Judge instructed the jury that the note in suit was without a legal consideration and void, and this action could not be supported.

Verdict for defendants, and plaintiff excepted.

*Danforth* and *Woods,* in support of the exceptions, cited *Linscott* v. *Trask,* 35 Maine, 150 ; 4 Black. Com. 133 ; *Commonwealth* v. *Pease,* 16 Mass. 91 ; *Ward* v. *Allen,* 2 Met. 53.

The cases of *Jones* v. *Rice,* 18 Pick. 440 ; *Kingsbury* v. *Ellis & al.,* 4 Cush. 578, differed (as they said) materially from the case at bar.

*Evans, contra.* The note is in violation of public policy. It has defeated the object of the law. It cannot be consid-

ered as payment of a debt. It is an attempt to remit a *penalty*, for which there is no authority.

The statutes of the State, R. S., c. 175, § 1, provide in what cases, and what only, the note of a convict may be taken. It excludes all other cases.

All fines which may be imposed for offences against the statutes, must be paid to the magistrate or to the Court by whom they are inflicted, or to the officer.

They are authorized to receive them, and directed how to appropriate them. Nobody else can receive the amount, or discharge the delinquent. R. S., c. 152, § 18, as to Clerks; R. S., c. 152, § 22, as to Justices; R. S., c. 152, § 19, as to Officers.

CUTTING, J. — Assuming the signatures to the note to have been genuine, the plaintiff has made out a *prima facie* case, and is entitled to recover, unless the defendants have succeeded in establishing a legal defence.

It appears, that the note was made payable to the plaintiff in his capacity as treasurer of the town of Gardiner for its proportion of certain forfeitures either incurred or anticipated under the statute of 1846, c. 205, § 6; in which settlement, one of the selectmen assumed to act for the town, and the principal question is, whether such note is void for want of legal consideration.

In *Kingsbury* v. *Ellis*, 4 Cush. 578, it was held that a note taken by a *magistrate* under similar circumstances was void for such cause. Perhaps the reason assigned in that case, why the magistrate, being a judicial officer, was prohibited from receiving the note in discharge of the judgments, may not be applicable here. But the Court go farther and say, "a more important ground of defence is, that the consideration was illegal, being in violation of a public duty. The · object of the law is to punish its violation; and the mode specially provided is by the actual payment of a fine, to be enforced by immediate imprisonment until its payment," &c. The complainant has as much of a public duty

to perform in his sphere as the magistrate in his, and he receives, as the statute remuneration, "one half the forfeiture *so recovered.*" Neither the complainant nor the town can divide the judgment or in any way interfere with it, except when legally converted into money.

The object of our statute was not to raise a public revenue, or to put money into the pockets of private individuals; but was what its title imports, "An Act to restrict the sale of intoxicating drinks." And how to restrict? Certainly not by permitting persons to violate the law on credit, or to transact such business on borrowed capital. Such would be the result, if the note in suit were held to be valid. If a party interested have the right to take a note with surety, he has also an equal right to receive it without security; and let it once be understood that such judgments or claims can be so easily and readily satisfied, and the law to a large class of traffickers in intoxicating drinks would be shorn of half its terrors. In this case, as between the parties, "*portior est conditio defendentis.*"

There being no controversy as to the evidence the instructions of the Judge to the jury were correct, and the exceptions must be overruled.

SHEPLEY, C. J., and TENNEY and APPLETON, J. J., concurred.