## KENWORTHY *v.* STRINGER.

SHERIFF.—RELEASE OF PRISONER.—Where a sheriff releases a prisoner who has been committed to his custody until a fine should be paid or replevied, upon the promise of another to pay the fine, he cannot maintain an action upon the promise.

APPEAL from the *Boone* Common Pleas.

RAY, J.—The appellant alleged in his complaint that one *James Stringer,* the son of the appellee, and under the age of twenty-one years, had been duly convicted of having been engaged in a riot, and was sentenced to stand committed to the county jail of *Boone* county until a fine of fifty dollars and the costs of the trial were paid or replevied; that the said *James* was delivered into the custody of the appellant, the sheriff of said county, in pursuance of the judgment of the court, and that thereupon the said appellee applied in person to the appellant to relieve the said *James* from custody, and expressly agreed, in consideration thereof, to pay to the appellant the said fine and costs; that the said prisoner was accordingly released, and entered into the service of his father, and continued therein until the —— day of *October,* 1866, when the appellee removed him from the county; that the appellant had been compelled to pay the fine and costs, wherefore he demands judgment. A demurrer was sustained to the complaint and judgment rendered for the appellee.

The case presented by the complaint is one where an officer has, in violation of his duty, permitted a prisoner to escape, and then sues to recover the consideration which induced the illegal act. The judgment of the court was that the prisoner be committed until his fine and costs were paid or replevied. This was the penalty for the violation of the law, of which the criminal had been guilty. It was the duty of the appellant to execute the sentence, and it seems

very clear that he cannot maintain an action for money agreed to be paid him for a violation of his duty.   The fact that in this case the sheriff intended simply, in kindness, to extend the time for the payment of the fine and costs, cannot make the contract valid.   The consideration was illegal and the contract cannot, therefore, be enforced.

The judgment is affirmed, with costs.

*A. J. Boone, R. W. Harrison* and *L. C. Dougherty*, for appellant.

*C. C. Nave*, for appellee.