McCartney v. Wilson.

---

J. W. MᶜCARTNEY V. MARY J. WILSON.

1. CHATTEL MORTGAGE, *Given by Person Legally in Custody of an Officer, to Secure his Discharge, is Void.* Mrs. W. was a prosecuting witness in a certain criminal proceeding, and was adjudged by the court to pay the costs of the prosecution and stand committed to the county jail until the same were paid. Afterward, and while in the custody of an officer who had full authority to commit her to jail, as ordered by the court, she gave to such officer a note and a chattel mortgage for the amount of said costs, and in consideration therefor the officer released her. The mortgage was given to the officer and to the state jointly, to secure said note, and was given for no other consideration than said release. The officer did not agree to pay said costs, except possibly by implication he agreed to pay them as he collected the same from W. on said note, or as he made the same from the sale of said mortgaged property; and said costs have never been paid: *Held*, That W. was not released from paying said costs, nor legally released from said imprisonment; that said mortgage was without sufficient consideration, and is therefore void.

2. ———— *Replevin will Lie, to Recover Goods held by an Officer under a Void Mortgage.* The mortgage contained a stipulation that the mortgagor should retain the mortgaged property in her possession until default, unless the property should depreciate in value, etc. Afterward the officer took said property into his possession because of a supposed depreciation in value, and the mortgagor then replevied the same from the officer: *Held*, That the mortgagor is not estopped from claiming that said mortgage is void, and she may maintain said action ·of replevin for the recovery of the property upon the ground that said mortgage is void.

*Error from Sedgwick District Court.*

REPLEVIN, brought by Mrs. *Wilson*, to recover possession of a span of horses, alleged to have been wrongfully taken and wrongfully detained by *McCartney*. All necessary facts

are stated in the opinion of the court.   Trial at the March
Term 1875 of the district court.   Judgment for plaintiff, and
*McCartney* brings the case here on error..

*Adams & English,* for plaintiff in error.

*Kirkpatrick & Harris,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action of replevin brought
by Mary J. Wilson against J. W. McCartney.   The prop-
erty in controversy belonged to Mrs. Wilson, but McCartney
claimed to be entitled to the possession thereof by virtue of
a certain chattel mortgage executed by Mrs. Wilson to him-
self to secure the payment of a certain promissory note.   The
mortgage stipulated among other things, that the property
should remain in the possession of Mrs. Wilson until default
should be made in the payment of said note, unless Mrs.
Wilson should sell or offer to sell the same, or remove or
offer to remove the same from Butler county, or unless the
same should depreciate in value, or unless the security
should in some other manner become impaired, in which
case McCartney was authorized to take the property into his
possession and sell the same for the purpose of paying said
note.   Afterward McCartney did take the property into his
possession.   The record states such taking, and the grounds
therefor, as follows: "*He deemed* the property therein de-
scribed inadequate security by reason of the great deprecia-
tion in value, and therefore he took possession of the same in
order to advertise and sell the same and apply the proceeds
in payment of said note, and before the sale thereof this suit
was brought in replevin by the plaintiff to recover possession
of said property."   Now, there is nothing in the record which
shows that said property had in fact depreciated in value, or
that anything else had in fact transpired to give to McCart-
ney the right to the possession of the property; and for this
reason alone the judgment of the court below, which gave
the property to the plaintiff, should be affirmed.   But the

plaintiff seems to have prosecuted her action in the court below solely upon the ground that the said mortgage was void. We shall therefore examine the case from that standpoint.

It seems that some time prior to the execution of said note and mortgage, the plaintiff was the prosecuting witness in a certain criminal proceeding, in which proceeding she was adjudged to pay the costs, and to stand committed to the county jail until the same were paid. The defendant was the officer who had her in charge, and instead of executing the judgment of the court, as he should have done, he took said note and mortgage, and in consideration thereof released his prisoner. The note was executed by Mrs. Wilson to herself, indorsed in blank, and delivered to McCartney. The mortgage was executed by Mrs. Wilson to the state of Kansas and to the defendant McCartney jointly, and delivered to McCartney. Now we think that such a mortgage is void. There is certainly no statute that authorizes the execution of such a mortgage. Mrs. Wilson might have given a bond under § 18 of the act regulating procedure before justices of the peace in misdemeanors; (Gen. Stat. 881, 882, § 18.) But there is certainly no statute authorizing such a transaction as the one which brought this mortgage into existence. Said mortgage was void because there was no sufficient legal consideration therefor. Mrs. Wilson was never released, or attempted to be released, from paying said costs. She was never legally released from her liability to suffer said imprisonment in the county jail, to which she was adjudged. She might legally have been arrested and committed to the county jail the very next minute after she executed said note and mortgage, and after she was released by McCartney. McCartney never paid said costs, or offered to pay them, and they never have been paid. The record in fact does not show that he ever even agreed to pay them, and we suppose he never did agree to pay them except possibly by implication he agreed to pay them as he collected the same from Mrs. Wilson on the note, or as he made the amount from the sale of said mortgaged property. It will therefore be noticed that

this case differs widely from the case of *Converse v. Safford*, recently decided by this court, (*ante*, p. 15.) The note and mortgage were sustained in that case upon the ground that they were given substantially for a loan of money.

It is claimed however that Mrs. Wilson is estopped from setting up any claim that said mortgage is void; and we suppose that this claim is made upon the ground, principally, that if any wrong was done she is in *pari delicto*. This would probably be so if the note and mortgage had been executed, the property delivered, and Mrs. Wilson released, all at the same time, as parts and portions of one and the same transaction. But this was not so. It does not appear that the property was ever delivered to McCartney. On the contrary, the record shows that "he took possession of the same" long after the note and mortgage were executed, long after Mrs Wilson was released, and probably against her will, for she (shortly after it was taken) replevied it. We suppose it will be remembered that all presumptions, from silence on the part of the record, must be construed against the plaintiff in error. Error is never presumed, but must be affirmatively shown. The presumptions are all in favor of the correctness of the decision of the court.

The judgment of the district court will be affirmed.

All the Justices concurring.