# D. P. Good
## v.
## Chas. A. Allen.

Village attorney receiving note in satisfaction of fine.—A village attorney took a note payable to himself in satisfaction of a fine regularly imposed by a judicial officer for an offense against the ordinances of the village and released the defendant from imprisonment. *Held*, that the consideration for the note was illegal, no authority being shown for the attorney to thus compromise such judgment.

Appeal from the Circuit Court of Iroquois county; the Hon. S. G. Bovie, Judge, presiding. Opinion filed January 16, 1885.

Suit by appellee to recover upon a certain promissory note executed by the appellant and one Irwin, on July 5, 1877, due October 1st, after date, for the sum of $54.75, and made payable to the order of the appellee. The note constituted the case for appellee. The defendant below as a witness in his own behalf, testified as follows:

Am the defendant. Signed the note in controversy in this case. My name appears first on the note. There was no consideration for the note. The circumstances under which the note was given were as follows: My cousin, on July 4, 1877, was arrested in Rossville for selling liquor, before J. W. McTaggart, police magistrate, and was fined $40 and costs, and was put in the calaboose. The proceedings were had against him under the name of Charles Jackson, he giving that name when arrested. He sent for me to help him out. I went, and Chas. A. Allen, the plaintiff, met me. He claimed to be city attorney. We went to where my cousin was, and Allen said if we would give the note in question he would let my cousin go. We did so. The judgment against my cousin has never been satisfied.

The transcript of the justice was also introduced showing that Jackson was arrested for selling liquor, and fined $40 and

Davis v. City of Joliet.

costs, and ordered confined in the village prison until such fine and costs were paid, not exceeding six months.

Upon this proof the court below found for the plaintiff and rendered judgment against the defendant for the amount of the note, and he brings the record here upon appeal.

Messrs. DOYLE, MORRIS & PIERSON, for appellant; cited R. S. 1883, Ch. 38, § 9.

PILLSBURY, J.   Under the facts appearing in this record we are of the opinion that the consideration for the note was illegal.   We are not aware of any authority conferred upon a village attorney by any law in this State empowering him, by virtue of his office, to take a note payable to himself in satisfaction of a fine regularly imposed by a judicial officer, for an offense against the ordinances of the village, and to release the defendant from imprisonment.   If he was authorized by any order, resolution or ordinance of the village to thus compromise any judgment in its favor, it was incumbent upon him to show it upon the trial.   So far as appears by this record, the release of the defendant from imprisonment was illegal, and the judgment against him is still in force.

The judgment of the court below will be reversed and the cause remanded.

Judgment reversed.