EX PARTE BILL GRAYSON.

[61 South. 305.]

FINES. *Commitment. Discharge from jail.*

Where a prisoner was committed to jail by a justice of the peace in default of the payment of a fine and cost, was released by the sheriff on his giving his note for the fine and cost, such release was not authorized by law and the giving of the note did not operate as a satisfaction and, failing to pay the note, the prisoner occupied the position of an escaped convict and should have been rearrested and committed to jail.

Appeal from the circuit court of Smith county.

Hon. W. H. Hughes, Judge.

Petition of Bill Grayson for a writ of *habeas corpus.* From a judgment denying the writ, petitioner appeals.

The facts are fully stated in the opinion of the court.

*B. W. Sharbrough,* for appellant.

The contention of the appellant is, that after he had satisfied the demand of the sheriff on the *capias profinum,* issued by the justice of the peace, immediately after the circuit court had dismissed the appeal with a writ of *procedendo,* he cannot be legally arrested and held on the same charge; neither had the justice of the peace the authority to issue a second *capias profinum,* and even though he did issue a second one, the sheriff was without authority to arest and incarcerate appellant, when he had accepted and knew that he had accepted the promise of third persons in full settlement of the said fine and costs. It cannot be contended that the appellant was an escaped convict and that the sheriff had the right to arrest him and put him in jail, after he had satisfied the sheriff by giving a note of third parties, which had been accepted by the sheriff. It may be contended, however, that he sheriff had no authority to accept the said note in payment of the fine and costs, but if he did, then it is a matter with third persons and the sheriff.

The law prescribes the manner in which fines and costs shall be paid, and if a sheriff accepts the promise of third persons in settlement of a fine and costs, he does so at his own peril, and he becomes liable to the county for the amount of the fine and costs and must look to the person or persons on whose promise he acted. See *Williams* v. *Mize,* 72 Ga., 129; 19 Cyc. 548. This is what was done in this case and I respectfully submit that the appellant is entitled to be discharged from custody.

*Geo. H. Ethridge,* assistant attorney-general, for the state.

By section 4687 of the Code the sheriff is jailor of his county. By section 4692 of the Code it is made his duty to "receive and keep any prisoner committed by a justice of the peace according to the order of commitment." Section 355 of the Code required all fines and forfeitures to be charged to the sheriff, and it is made the duty of the clerk of the board of supervisors to require the sheriff to pay the amount into the county treasury. By section 870 of the Code of 1906, as amended by the Acts of 1908, chapter 168, page 185, it is required that each convict sentenced to imprisonment, or to pay a fine and cost shall work out the sentence in the manner provided in that chapter.

By section 1302 of the Code of 1906 it is made a misdemeanor for a sheriff or other officer to knowingly or wilfully fail, neglect, or refuse, to perform any duty required of him by law. It will be readily seen from these sections that the sheriff had no authority in law to take any note for the payment of the fine and cost; and that the note so taken was contrary to the public policy of the state, and that it was void and amounted to nothing. Section 1154 of the Code especially prohibits the sheriff from allowing persons to go at large or escape. Section 1155 especially provides that if any convict escapes, he may be rearrested. This section is in the following language: "1155 (1075) The Same.—Convicts recaptured and no credit given for time, etc. . . . If any convict, confined in the county jail or in the penitentiary for a criminal offense, shall escape therefrom, he may be pursued, retaken, and imprisoned again, notwithstanding the term for which he was sentenced to be imprisoned may have expired at the time he shall be retaken, and shall remain so imprisoned until he shall have served as a convict the entire length of time which he would have been required to so serve had he not escaped, and until tried for such escape, or until discharged, on a failure to prosecute therefor." See also

section 1157 of the Code 1906; *Fuller* v. *State,* 57 So. 806; *Hoggett* v. *State,* 57 So. 811. I submit, therefore, that the case must be affirmed.

*Wills & Guthrie,* for appellee.

Our contention in this case is that when the sheriff accepted the note in question as security for the fine and cost and released the appellant, that the sheriff was then responsible for appellant and that the appellant was at that time nothing more nor less than an escaped convict, or that he was improperly discharged. We think that we have clearly shown to the court that the sheriff was without authority to accept such a note as security because the statutes of the state do not authorize it, and because such procedure cannot be lawful unless specifically authorized by statute, and for that reason the release became an improper discharge.

"If a prisoner, after being fined and ordered into custody, escapes before the term of imprisonment expires, with or without the consent of the officer into whose custody he has been placed, he is not thereby legally set at liberty, and may be retaken and imprisoned."

19 Cyc. 556; *State* v. *Cooley,* 180 N. C. 398; *State* v. *McClure,* 61 N. C. 491; *State* v. *Simpson,* 46 N. C. P. 80; *Schwamble* v. *Sheriff,* 22 Pa. St. 18; *Lucky* v. *State,* 14 Tex. 400; *Wilkinson* v. *Allen,* 23 Gratt. (Va.) 10.

In the case of *Lucky* v. *State,* 14 Tex. 400, *supra,* the court said: "Where a prisoner, convicted of an offense for which he was fined and committed, has escaped and been retaken, the court may commit him until the fine and cost be paid."

And the court said in the *State* v. *McClure,* cited *supra*: "Where one who was ordered into custody to secure the fine escapes, it was competent for the solicitor to have him again arrested that he might be compelled to undergo the sentence."

And in the case of *Ex parte Vance,* 90 Cal. 208, 13 L. R. A. 674, the court said: "Where one sentenced to pay a

fine and to be imprisoned until such fine is paid in the proportions of a day for every dollar of the fine, is released by the sheriff without authority, the time of his absence cannot be considered as spent in jail in satisfaction of the judgment.''

And we ask the court to examine the notes in L. R. A. above cited and to read the above cases.

Our contention is that the court below was correct in its decision and for that reason the judgment of the court below should not be disturbed because if there was any violation of law at all there was only a permission by the sheriff for appellant to escape from prison, or the appellant was improperly discharged by the sheriff, and the sheriff had a right and it devolved upon him as a duty to recapture and reconfine the appellant in jail until the fine and cost had been paid in the proper manner for the payment of such fine and costs.

Reed, J., delivered the opinion of the court.

This is an appeal from the action of the circuit judge in denying the *habeas corpus* petition of appellant for his discharge from custody.

The agreed statement of facts shows that Bill Grayson was convicted in the justice of the peace court for disturbing a family. He appealed to the circuit court. His appeal was dismissed, with a writ of *procedendo* to the justice of the peace. He was taken in custody and put in jail by the sheriff. Afterwards the sheriff accepted a note signed by several parties as security for the fine and costs assessed against Bill Grayson and released him from prison. The note was not paid, and Grayson was again imprisoned. He claims upon this appeal that the giving of the note was a complete satisfaction of the law for the offense.

The sheriff is the jailer of the county. It is his duty to receive and keep any person committed to prison by a justice of the peace according to the order of commitment.

He had no authority to take the note as security for the payment of the fine and costs, and release Grayson. He should not have permitted the prisoner to escape or go at large. He clearly violated the plain provisions of the law in taking the note and allowing Grayson to go at large. Grayson has not satisfied the law by the payment of the fine and costs. His situation, after his illegal release from imprisonment by the sheriff, was that of an escaped convict. Therefore it was proper to rearrest him and again commit him to prison until he had satisfied the law by the payment of the fine and costs assessed against him.

The circuit judge did not err in denying the petition.

*Affirmed.*