Submitted on briefs February 14, affirmed May 22, 1923.

## KELLEY v. TILLAMOOK COUNTY.

(215 Pac. 176.)

**Fines — Mortgages — Mortgage to Secure Payment of Fine Held Illegal.**

Where an automobile driver was fined $100 for violating Section 4773, Or. L., which fine, under Section 4804 was payable to the county treasurer, and in consideration of his release from custody a note and mortgage for $120, the amount of the fine, costs, etc., were executed by third persons, payable to the county, the note and mortgage were illegal and unenforceable, as, in view of Section 1577, a fine can be satisfied only by payment or imprisonment for the prescribed time, and no court officer may accept security in lieu of money payment of a fine.

From Washington: GEORGE R. BAGLEY, Judge.

In Banc.

AFFIRMED.

For appellant there was a brief over the name of *Mr. T. H. Goyne,* District Attorney.

For respondent there was a brief over the name of *Mr. L. E. Schmitt.*

RAND, J.—By this suit the plaintiff seeks to obtain the cancellation of a mortgage held by the county of Tillamook against certain lands situate in Washington County. The mortgage was given by plaintiff's grantors to secure the payment of a promissory note for $120 given by said grantors on August 4, 1919, and payable to the order of Tillamook County. The defendant county answered praying for a foreclosure of its mortgage.

The consideration for said note and mortgage is admitted by the pleadings to be as follows: Sprague, a near relative of said grantors, was arrested in Tillamook County upon a warrant, issued from a

Justice Court of said county, charging him with the violation of a state statute, in that while driving an automobile upon a county road in that county he had failed to pass to the right and to give one-half of the road to a vehicle proceeding in the opposite direction, as required by Section 4773, Or. L. To this charge Sprague entered a plea of guilty and was sentenced by the Justice Court to pay a fine in the sum of $100.

The penalty provided by statute for a violation of said provision is a fine of not to exceed $400 or imprisonment in the county jail not to exceed one year, or both such fine and imprisonment. Justices of the peace are given concurrent jurisdiction over this class of cases by statute, and the statute provides that the fine imposed by the Justice Court for a violation of this statute shall be payable to the county treasurer and belong to the county: Sec. 4804, Or. L. Not having the money with which to pay the fine, Sprague, while in the custody of the sheriff and upon his suggestion and that of the justice of the peace, induced plaintiff's grantors to execute and deliver the note and mortgage upon the promise by said officers to immediately release him from custody upon the execution and delivery of the said note and mortgage. Plaintiff's grantors executed and delivered the note and mortgage in question and Sprague was thereupon released and discharged from custody. The fine has not been paid and Sprague has not since been imprisoned upon said charge. The sum of $120, the consideration mentioned in said note and mortgage, was made up of the following items: fine, $100; Justice Court costs, $6.95; charges of an attorney who represented Sprague in the Justice Court, $10, and the fee charged for recording the mortgage in question, $1.25. The plaintiff had decree.

Section 1577, Or. L., provides that a person convicted of a crime and sentenced to pay a fine shall, in default of said payment, be imprisoned one day for each two dollars of said fine. This statute prescribes the only mode by which a convicted person, who has been sentenced to pay a fine, can be legally discharged from custody. Under its plain provision, it is the duty of the sheriff to imprison the convicted person until the fine has been satisfied, either by payment or by imprisonment for the prescribed time. There is no statute which authorizes a county or any officer of the county to discharge any person from custody until the fine has been satisfied in the manner and mode prescribed by statute. There is no statute authorizing a county or any officer of a county to substitute any obligation or security in lieu of a money payment of a fine imposed for a violation of a criminal statute, nor is there any statute which in any way authorizes a county or any officer of a county to take any obligation or security from a party so in custody or from any other person in his behalf, conditioned upon anything not found in the statute. The object of the law, for the violation of which Sprague was convicted, is to punish its violation, and the only way to prevent such violation is, as said by the court in *Kendrick* v. *Crowell,* 38 Me. 42, not "to permit persons to violate the law on credit or to transact such business on borrowed capital."

As there is no statute in this state which authorizes a county or any of its officers to accept a note or mortgage as a substitute for the immediate payment of the fine imposed upon a defendant for violation of a criminal statute, the taking of this mortgage upon the condition that the defendant should be released

107 Or.—39

from custody upon the execution of the note and mortgage, was wholly without legal authority. From this it follows that the promise of plaintiff's grantors to pay the amount of the fine imposed upon Sprague, in consideration of Sprague's immediate illegal discharge, was a promise founded upon an illegal consideration, which was not authorized by statute, but was in direct contravention of the plain provisions of the statute. The transaction itself was unlawful, and the promise made by plaintiff's grantors called for the performance of an illegal act upon the part of the officers of Tillamook County, and therefore the promise made by plaintiff's grantors is void and unenforceable. While the transaction itself evidently was entered into by the justice of the peace and the sheriff in entire good faith, yet, it was a transaction not authorized by statute and one which, if sanctioned, might lead to the practice of releasing prisoners from imprisonment in direct contravention to the express provisions of the statute.

It is well settled that a promise to induce an officer to neglect his duty or to indemnify him against an illegal act cannot be enforced: *Kingsbury* v. *Ellis,* 4 Cush. (Mass.) 578; *Bills* v. *Comstock,* 12 Met. (Mass.) 468; *Kendrick* v. *Crowell,* 38 Me. 42; *Winter* v. *Kinney,* 1 Comst. (N. Y.) 365, 4 How. Pr. 442; *McCartney* v. *Wilson,* 17 Kan. 294; *Kenworthy* v. *Stringer,* 27 Ind. 498; *Good* v. *Allen,* 15 Ill. App. 663. See, also, 13 C. J. 443, § 379, and other cases there cited.

The consideration for which the note and mortgage were given was that the defendant should be unlawfully released from imprisonment. Hence the fact that the note was made payable to the county, and not to the sheriff or justice of the peace, adds nothing to

its validity. The judgment of the court was that Sprague should be committed until his fine was paid. It was the duty of the officers of that county to execute the sentence. Instead of committing Sprague, they undertook to commute his sentence. They took the promise of plaintiff's grantors to pay the fine at a subsequent date, and this promise was nothing more than a mere executory agreement to pay money in the future in a case where the law required its immediate payment. Sprague was thereby permitted to escape the sentence of the law. Not only was the consideration for which the note and mortgage were given illegal, but the entire transaction was illegal. Although released from custody, Sprague, at any time after the execution and delivery of the note and mortgage, could have been compelled to serve out his sentence and he could not have successfully resisted such imprisonment because of the execution and delivery of the note and mortgage.

We are aware that there are authorities holding otherwise, but an examination of those cases will show that in nearly all of such cases the ruling was based upon a statute different from ours. The provisions of our statute are plain and mandatory and repose no discretion in the sheriff or any other ministerial officer of a county. If a sheriff or any other ministerial officer of a county could accept, from a convicted person, his executory promise, or that of some other person made in his behalf, to pay the amount of his fine at some time subsequent thereto, and lawfully discharge the prisoner from custody instead of requiring a cash payment of the fine, as provided by statute, it would, as said by Mr. Chief Justice SHAW in *Kingsbury* v. *Ellis, supra,* "lead to complicated relations between ministers of the law and parties

accused, entirely inconsistent with the purity, simplicity and directness which should ever characterize the administration of a criminal law.'' This, we think, would be the result if the note and mortgage in suit were held to be valid. As the note and mortgage in question were founded upon an illegal consideration, namely, the violation of official duty on the part of the officers of Tillamook County, the obligation of the makers thereof to pay the same is void and a suit to enforce collection thereof cannot be maintained.

Under the view which we take of the law upon this point, it is unnecessary to consider any of the other objections urged by appellant, and the decree of the lower court is therefore affirmed. AFFIRMED.