**CUMMINGS et al. v. CITY OF HUNTSVILLE.**
**(8 Div. 859.)**

(Supreme Court of Alabama. April 15, 1926.)

**Bills and notes ⚖106.**

In view of Code 1923, § 1936, as to authority of recorder, note executed to city in payment of fine in misdemeanor case *held* void, as contravening public policy.

Appeal from Circuit Court, Madison County; J. E. Horton, Judge.

Action on promissory note by the City of Huntsville against W. S. Cummings and Mrs. W. S. Cummings. Judgment for plaintiff, and defendants appeal. Transferred from Court of Appeals under Code 1923, § 7326. Reversed and rendered.

Watts & White, of Huntsville, for appellants.

There was no consideration for the execution of the note sued on, because there is no authority of law for the recorder to accept notes in payment of fines. Code 1923, § 1936; Ex parte Grayson, 61 So. 306, 104 Miss. 242;

Daley v. Decatur, 90 So. 69, 18 Ala. App. 141. The note was invalid, because municipalities cannot lend money or extend credit. Const. 1901, § 94; Garland v. Board of Revenue, 6 So. 402, 87 Ala. 223; Southern R. Co. v. Hartshorne, 50 So. 139, 162 Ala. 491.

S. H. Richardson, of Huntsville, for appellee.

The consideration of the note was sufficient. Code 1923, §§ 9053, 9055; 28 Cyc. 780; 19 Cyc. 458; 9 Cyc. 502; Barron v. City of Anniston, 48 So. 58, 157 Ala. 399; Furhman v. City of Huntsville, 54 Ala. 263. Section 94 of the Constitution is without application. Sheppard v. Dowling, 28 So. 791, 127 Ala. 1, 85 Am. St. Rep. 68.

GARDNER, J. This appeal is from a judgment recovered by the city of Huntsville against appellants on a promissory note executed by defendants in settlement of a fine imposed upon one Floyd Lloyd, who was convicted in the recorder's court for a violation of a city ordinance, and who was discharged from custody upon delivery of said note to the city.

There was no authority on the part of any official of the city for the acceptance of this note in satisfaction of the fine imposed. The authority of the recorder in the premises is defined and limited by the provisions of section 1936, Code of 1923. The consideration for the note was therefore illegal, and we are persuaded such an unauthorized and illegal transaction must be declared void as contrary to public policy. This conclusion is supported, we think, by the weight of authority, as well as sound reasoning. Good v. Allen, 15 Ill. App. 663; Kenworthy v. Stringer, 27 Ind. 498; McCartney v. Wilson, 17 Kan. 294; Kendrick v. Crowell, 38 Me. 42; Kingsbury v. Ellis, 4 Cush. (Mass.) 578; 11 Cent. Dig. col. 583, § 603; 9 Cyc. 503. By analogy the case of Daley v. City of Decatur, 90 So. 69, 18 Ala. App. 141, and Ex parte Grayson, 61 So. 306, 104 Miss. 242, are also here in point.

In Kendrick v. Crowell, supra, it was said a contrary doctrine would permit an offender to "violate the law on credit." We find ourselves in accord with the following observations of Chief Justice Shaw in Kingsbury v. Ellis, supra, condemning transactions of this character:

"It would, we think, lead to complicated relations between ministers of the law and parties accused, entirely inconsistent with the purity, simplicity, and directness which should ever characterize the administration of the criminal law."

There are authorities to the contrary found in the note to 9 Cyc. 503, but an examination discloses that some of them are rested upon some statutory provision author-

izing the execution of such a note or taking personal security for the payment of a fine. Among these may be noted Town of Stonington v. Powers, 37 Conn. 439; Phillips' Case, 29 Me. 255; St. Albans Bank v. Dillon, 30 Vt. 122, 73 Am. Dec. 295.

The fact that the conviction was for a violation of a city ordinance, and not a strictly criminal proceeding for violation of a state offense, is of no material consequence upon the question of public policy here involved. In Barron v. City of Anniston, 48 So. 58, 157 Ala. 399, it was observed that—

"Proceedings for the violation of city ordinances are in no sense 'civil causes,' but are 'punitive regulations,' and 'the object of a proceeding of them is not the redress for a civil injury, but the punishment of an offender against the peace and good order of society.'"

The question of "confession of judgment" in misdemeanor cases in the state courts (section 3244, Code of 1923), argued by way of analogy by counsel for appellee, presents an entirely different situation. There the proceedings constitute a final judgment, entered into in open court and on which execution may issue. It needs no argument to demonstrate that the confessed judgment bears no analogy to a case as here presented—the acceptance of a promissory note in satisfaction of a fine.

Transactions of this character are wholly unauthorized, out of harmony with the administration of justice in this state, and we are unwilling to give our sanction thereto. It was a void transaction, contrary to public policy.

The cause was tried before the court without a jury upon an agreed statement of facts.

The judgment will be reversed, and one here rendered for the defendants.

Reversed and rendered.

SAYRE, MILLER, and BOULDIN, JJ., concur.