**Phyllis Sue MUSSETT and Delbert R. Mussett, Plaintiffs–Appellants,**

v.

**BAKER MATERIAL HANDLING CORPORATION, Defendant–Appellee.**

**No. 85–2664.**

United States Court of Appeals, Tenth Circuit.

April 19, 1988.

James B. Browne, Oklahoma City, Okl., and the firm of Merritt, Rooney & Hayden, Inc., Oklahoma City, Okl., for plaintiffs-appellants.

Georgiana T. Hammett, Tom L. King, and Jeff R. Beeler, of King, Roberts & Beeler, Oklahoma City, Okl., for defendant-appellee.

Before McKAY, LOGAN and TACHA, Circuit Judges.

TACHA, Circuit Judge.

This appeal is from a district court order granting defendant Baker Material Handling Corporation's (Baker's) motion to dismiss on the grounds that a release signed by plaintiffs Phylliss and Delbert Mussett released Baker from all liability. Plaintiffs make two contentions on appeal. First, they argue that the trial court should have allowed them to introduce parol evidence regarding the intent of the parties to the release. Second, plaintiffs contend that the district court erred in holding that the release was effective to shield Baker from liability under Oklahoma law. We affirm.[1]

Phyllis Mussett was injured while operating a pallet jack used in unloading a truck at a Safeway Store in Oklahoma. She and her husband Delbert sued Safeway for damages. That suit was settled when Safeway paid the Mussetts $2500.00; plaintiffs then filed this products liability suit against Baker, the alleged manufacturer of the pallet jack that plaintiffs contend was defective. The district court held that the release agreement between the Mussetts and Safeway operated by its terms to release Baker from liability arising out of the accident and granted Baker's motion to dismiss.

In this action, where our jurisdiction is based upon diversity of citizenship of the parties, we apply the substantive law of the forum state. *Pound v. Ins. Co. of N. America*, 439 F.2d 1059, 1062 (10th Cir. 1971). Under Oklahoma law a release agreement is a contract. *Corbett v. Combined Communications Corp.*, 654 P.2d 616 (Okla.1982). The district court properly applied Oklahoma contract law in determining whether parole evidence regarding the parties' intent should have been examined.

■ The release signed by plaintiffs stated:

That We Phyllis Sue Mussett and Delbert R. Mussett for the sole consideration of Two Thousand Five Hundred Dollars and no/100 ($2,500.00), to us in hand paid by Safeway Stores, Inc., PAYER, the receipt whereof is hereby acknowledged, have released and discharged, and by these presents do for ourselves, our heirs, executors, administrators, and assigns release and forever discharge the said Payer *and all other persons, firms, and corporations*, both known and unknown, of and from any and all claims, demands, damages, actions, causes of action, or suits at law or in equity, of whatsoever kind or nature, for or be-

---

1. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R. App.P. 34(a); 10th Cir.R. 34.1.8. The cause is therefore ordered submitted without oral argument.

cause of any matter or thing done, omitted or suffered to be done *by anyone* prior to and including the date hereof on account of all injuries both to person or property resulting, or to result, from an accident which occurred on or about the 5th day of November, 1981, at Oklahoma County, Oklahoma. (Emphasis added.)

It is undisputed that this release was properly executed. The district court found no ambiguity in the release signed by plaintiffs; we have reviewed the plain language of the release and agree. When a release is unambiguous, the court must interpret the contract as a matter of law and is precluded from looking beyond the contract. Okla.Stat. tit. 15, § 154 (1966); *see also Lindhorst v. Wright*, 616 P.2d 450 (Okla.Ct.App.1980). The release on its face clearly releases all corporations from liability arising out of the accident involved here. We therefore hold that the district court properly refused to consider extrinsic evidence in determining the effect of the release.

Oklahoma adopted the Uniform Contribution Among Joint Tortfeasors Act in 1978. *See* Okla.Stat. tit. 12, § 832 (1960 Supp.1988). One of the provisions in the statute states:

When a release, covenant not to sue or a similar agreement is given in good faith to one of two or more persons liable in tort for the same injury or the same wrongful death:

1. It does not discharge any of the other tortfeasors from liability for the injury or wrongful death, *unless its terms so provide;* but it reduces the claim against others to the extent of any amount stipulated by the release or the covenant, or in the amount of the consideration paid for it, whichever is the greater; and it discharges the tortfeasor to whom it is given from all liability for contribution to any other tortfeasor. *Id.* at § 832(H)(1) (emphasis added).

Plaintiffs argue that we should interpret this statute to limit the effect of a release to parties specifically named in a release, in this case, Safeway Stores, Inc. Some states have taken the position that the Uni-

form Act abrogates the common law and therefore limits the effect of broad releases to parties named in the release. *See e.g. Beck v. Cianchetti*, 1 Ohio St.3d 231, 439 N.E.2d 417 (1982); *Hurt v. Leatherby Ins. Co.*, 380 So.2d 432 (Fla.1980).

The Oklahoma Supreme Court has not ruled specifically on what effect adoption of the Uniform Act has on releases like that at issue here. In *Brown v. Brown*, 410 P.2d 52 (Okla.1966), however, the Oklahoma Supreme Court interpreted a release virtually identical to the release in this case. The court there found that the release was unambiguous and effective against an unnamed defendant. Although *Brown* was decided before the adoption of the Uniform Act, we agree with the district court that it still controls the interpretation of this release. The Oklahoma legislature's use of the language, "unless its terms so provide," makes it clear that the statute does not limit the reach of the release where, as here, the terms of the release specifically include all possible defendants, named and unnamed.

The language of the statute is consistent with the holding in *Brown*. We find no basis in Oklahoma law for determining that the Supreme Court of Oklahoma would limit the effect of a properly executed release where the release is unambiguous and on its face clearly released all defendants from liability arising out of the accident involved. We hold that section 832 does not overrule *Brown* and therefore that the release the plaintiffs executed operated to release Baker from liability in this action. The action was properly dismissed.

AFFIRMED.