936 F.2d 582
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
Dallas Lyle ELLISON, Alice Pauline Ellison, Plaintiffs-Appellants,
v.
E.I. DUPONT DE NEMOURS AND COMPANY, Defendant-Appellee.
 No. 90-6283.
 United States Court of Appeals, Tenth Circuit.
 June 28, 1991.
 
 Before STEPHEN H. ANDERSON, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 BRORBY, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiffs appeal from an order of the district court granting defendant's motion for summary judgment.
 
 
 3
 Plaintiffs commenced this products liability action in district court seeking damages for permanent injuries suffered by plaintiff, Dallas Lyle Ellison, allegedly as a result of his exposure to paint products manufactured by defendant. Plaintiff, Alice Pauline Ellison, sought damages for loss of consortium.
 
 
 4
 Dallas Ellison had previously brought a workers' compensation action against his employer, Martin Body Shop. In that action Mr. Ellison signed a release which provided that he accepted $45,000 as a
 
 
 5
 full compromise settlement and satisfaction of, and as sole consideration for the final release and discharge of all actions, claims and demands whatsoever, that now exist, or may hereafter accrue against said Respondent and Insurance Carrier and any other person, corporation, association, partnership or entity charged with responsibility for the injury to or death of Dallas L. Ellison.
 
 
 6
 Addendum to Appellants' Brief in Chief, Ex. D.
 
 
 7
 The district court held that this release was unambiguous on its face. Therefore, the release reached beyond Martin Body Shop and its insurance carrier and provided for the release of defendant. The district court held that Mrs. Ellison's cause of action, being derivative of her husband's claim, was also barred by the release.
 
 
 8
 On appeal, plaintiffs argue that the release did not release DuPont because (1) Mr. Ellison's employer and DuPont were not joint tortfeasors; (2) the release of a statutory workers' compensation obligation does not release a third party tortfeasor; and (3) the court should have admitted parol evidence to assist it in ascertaining the true intent of the parties to the release. Mrs. Ellison argues that the release executed by her husband does not bar her cause of action for loss of consortium.
 
 
 9
 We review the district court's grant of summary judgment de novo, applying the same legal standard used by the district court under Fed.R.Civ.P. 56(c). Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir.1990). Because there is no dispute here as to the facts, we need only determine if the district court correctly applied the substantive law. Id.
 
 
 10
 The district court held that our disposition in Mussett v. Baker Material Handling Corp., 844 F.2d 760 (10th Cir.1988), was controlling. We agree. In Mussett, the plaintiff brought a products liability action after she had settled and signed a release with the owner of the store at which she was injured. The release in part read that plaintiff released and discharged "the said Payer and all other persons, firms, and corporations, both known and unknown...." Id. at 761 (emphasis in original). We held that, although the Oklahoma Supreme Court had not yet ruled on the effect of the Uniform Contribution Among Joint Tortfeasors Act, Okla.Stat. tit. 12, Sec. 832, the Oklahoma Supreme Court's prior decision in Brown v. Brown, 410 P.2d 52 (Okla.1966), dealing with a virtually identical release to the one found in Mussett, gave sufficient guidance on the issue of the scope of a general release. In Brown, 410 P.2d at 57, the court held that an unambiguous release was effective against an unnamed defendant. Similarly, in Mussett, we held that the release released claims against all possible defendants named and unnamed. Mussett, 844 F.2d at 762; see Moore v. Missouri Pac. R.R., 773 S.W.2d 78, 80 (Ark.1989) (recognizing this court's application of the "flat bar" rule in Mussett).
 
 
 11
 Plaintiffs argue that Mussett does not control here because Martin Body Shop and defendant were not joint tortfeasors. Plaintiffs assert that Martin Body Shop's liability was founded on a statutorily created obligation, while their claim against defendant sounds in tort. Plaintiffs cite no cases supporting a distinction based on a release of statutorily imposed liability, nor have we found any.
 
 
 12
 In fact, this court accorded res judicata effect to a Kansas state court decision which made no such distinction in Sade v. Northern Natural Gas Co., 458 F.2d 210 (10th Cir.1972). In Sade, we upheld an asserted cause of action in fraud against an employer after the Kansas state court dismissed the plaintiff's cause of action against the employer's employees (a third party). The Kansas state court had held that the release the plaintiff had signed in connection with his workers' compensation claim, also barred his action against his employer's employees in Kansas. Id. at 212. (This claim was statutorily barred in Oklahoma, but at that time Kansas still permitted actions against negligent third parties, including an employee of the employer. Id. at 216.) The plaintiff alleged in federal court that his release was obtained as a result of fraud on the part of his employer who had assured him his release of his employer under Oklahoma's workers' compensation law would not bar his action against his employer's employees in Kansas. Id. at 212. We gave no indication that an unambiguous general release entered in connection with a workers' compensation claim could not effectively bar a cause of action against a third party.
 
 
 13
 We agree with the district court that the release here is unambiguous. Therefore, we are required to interpret it "as a matter of law and [are] precluded from looking beyond the contract." Mussett, 844 F.2d at 762 (citing Okla.Stat.tit. 15, Sec. 154). Plaintiff clearly released all claims against "any other person, corporation, association, partnership or entity charged with responsibility" for his injuries. Because the release is unambiguous, the district court properly refused to consider parol evidence.
 
 
 14
 The district court held that Mrs. Ellison's claim for loss of consortium was also barred by reason of the release. No Oklahoma cases address whether the signatory to a release can, by his signature alone, also release a nonsigning nonparty whose claim, although derivative of the signatory's claim, is nonetheless, a separate cause of action.
 
 
 15
 The overwhelming weight of case law supports "the position that a claim for loss of consortium accrues to the noninjured spouse alone and is not barred by the settlement and release of the injured spouse's personal injury claim." Manzitti v. Amsler, 550 A.2d 537, 541 (Pa.Super.Ct.1988), aff'd, 574 A.2d 601 (Pa.1990) and cases cited therein; see Annotation, Injured Party's Release of Tortfeasor as Barring Spouse's Action for Loss of Consortium, 29 A.L.R. 4 th 1200 (1984), and cases cited therein. But see Hall v. Gardens Servs., Inc., 332 S.E.2d 3, 5 (Ga.Ct.App.1985) (holding that husband's claim for loss of consortium was barred because his right to recover was dependent upon the right of his wife to recover who could not recover because she had signed release). There is no persuasive reason why Oklahoma would not follow the majority position.[1] Therefore, we hold that Mrs. Ellison's cause of action for loss of consortium is not barred by the release signed by her husband.
 
 
 16
 The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED as to Mr. Ellison's claims and REVERSED as to Mrs. Ellison's loss of consortium claim. The case is REMANDED for further proceedings in accordance with this order and judgment.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Defendant's citation to Porter v. MFA Mutual Insurance Co., 643 P.2d 302 (Okla.1982) is inapposite. In Porter, the court held that an insured motorist's claim for benefits under his uninsured motorist policy was barred by reason of his settlement with the tortfeasor which denied his insurer recourse against the tortfeasor