## CITY OF WETUMKA v. CROMWELL-FRANKLIN OIL CO. et al.

No. 24495. March 26, 1935.

Rehearing Denied April 16, 1935.

Chas. H. Baskin, for plaintiff in error.

J. C. Denton, R. H. Wills, J. H. Crocker, I. L. Lcckewitz, J. P. Greve, and R. J. Roberts, for defendants in error.

PHELPS, J. The parties will be referred to as they appeared in the trial court.

The plaintiff, the city of Wetumka, filed its action in the district court of Hughes county against Cromwell-Franklin Oil Company and about 50 other oil and gas companies operating in the Oklahoma City and Seminole fields, among them being Mid-Continent Petroleum Corporation, alleging that plaintiff had been damaged by reason of defendants polluting its city water supply, and praying for judgment in the sum of $200,000 actual damages and $25,000 punitive damages. Judgment was rendered against a great number of the defendants for the sum of $65,000. The case, however, was not disposed of as to this defendant, Mid-Continent Petroleum Corporation. The journal entry of judgment recited:

"It is further ordered that the plaintiff

be and it hereby is allowed to further prosecute its cause of action against all defendants named in this action except those named and listed hereinabove, and such right is hereby reserved to said plaintiff."

The defendants against whom judgment was rendered paid said judgment in full and plaintiff, by and through its attorney, filed its satisfaction thereof reading as follows:

"Satisfaction in full is hereby acknowledged between the city of Wetumka, Okla., a municipal corporation, plaintiff, and (naming defendants against whom judgment was rendered), in cause of No. 7959 in the district court of Hughes county, state of Oklahoma, for the sum of $65,000 in full payment of the judgment, with interest and costs, and any and all other claims or demands against said named defendants, entered on the 19th day of November, 1930."

After this judgment was satisfied, this defendant, Mid-Continent Petroleum Corporation, filed its amended answer, pleading as a defense the rendition and settlement of said judgment against the other defendants, to which plaintiff filed amended reply admitting settlement of the judgment, but pleaded the reservation in said judgment to pursue its remedy against the defendants not parties to the judgment. Defendant filed its motion for judgment on the pleadings, which motion was sustained, from which plaintiff prosecutes this appeal.

We were favored with very exhaustive briefs by counsel on both sides, and ordinarily in a case of such magnitude in point of the amount prayed for and principles of law involved, we should feel it necessary to write an exhaustive opinion and cite and discuss the authorities and principles of law raised. This, however, has already been done by this court in Cain v. Quannah Light & Ice Co., 131 Okla. 25, 267 P. 641. The questions of law here involved were so thoroughly considered by us in that case and so many authorities cited therein that we feel it entirely unnecessary to review them, but hereby make reference to and adopt the same as controlling herein. In that case the husband of plaintiff lost his life while operating an electric transformer and substation. It appears that the substation was erected by Quannah Light & Ice Company under contract with the U. S. Gypsum Company. The widow of deceased brought suit against the U. S. Gypsum Company in the district court of Jackson county, praying for judgment in the sum of $7,500 which amount she recovered, and the judgment was paid in full. That judgment contained a provision "that the same should be without prejudice to plaintiff's rights against the Quannah Light & Ice Company."

She then filed her action in the district court of Oklahoma county, praying damages for the same tort, against Quannah Light & Ice Company.

At the conclusion of plaintiff's evidence, the trial court directed a verdict for defendant. Plaintiff appealed to this court, and in disposing of the appeal, in the body of the opinion, this court used the following language:

"But it is argued that the plaintiff did not intend to recover her full damages in her former suit aginst the Gypsum company, that the judgment rendered was an agreed judgment intended only as a compromise and a release of the Gypsum company, without prejudice to the rights of the plaintiff as against this defendant, and that the judgment so provides.

"The answer is: The question here involved is not a question of plaintiff's intention; it is a question of her legal right to split her cause of action, to apportion her damages, and to recover by separate actions separate portions thereof. Plaintiff had but one cause of action. This cause of action, of course, existed against all wrongdoers, but it was a single cause of action, and when suit was filed on this cause of action and damage in the sum of $7,500 claimed as her full damage, and such claim reduced to judgment, the cause of action then merged in the judgment, and the satisfaction of the judgment was a satisfaction and settlement of the cause of action.

"The plaintiff, having no legal right to split her cause of action, the court by its judgment could not legally grant such right, if, in fact, it so intended. It must be borne in mind that it is not the rendition of the judgment that operates as a bar, but it is the satisfaction thereof. If the court, by its judgment, intended to reserve to the plaintiff the right to proceed against this defendant, after full and complete satisfaction of the judgment, this portion of the judgment would be inoperative as beyond the power of the court to render. Plaintiff, having by her first suit claimed her entire damage to be $7,500, and having recovered judgment for the same and received payment in full satisfaction thereof, is now barred from maintaining this action against the defendant."

Referring to that case, counsel for plaintiff in his brief in the instant case says:

"Since the plaintiff had set up and established the amount of her injury at $7,500, and had been paid this amount in full, she should not be allowed, so the court found, and which we concede to be good law, to pursue other defendants who were joint

tort-feasors with the original defendant * * * when plaintiff had recovered all that she stated the injury amounted to."

In other words, they claim that because she got all she asked for in the first case, she should not be allowed to ask for more from the second defendant, but that in the instant case, since the city did not get all it asked for in the first judgment, it should be allowed to pursue other joint tort-feasors until it recovered the full amount of its claim.

We think the distinction attempted to be drawn here is not tenable. Apparently all the authorities hold that plaintiff may pursue his remedy both individually and collectively against joint tort-feasors and he may settle and compromise and receive pay from one joint tort-feasor without prejudice to his prosecuting his action against others, or he may obtain joint and several judgments against all joint tort-feasors, but the authorities are just as unanimous that when one or more judgments have been rendered against one tort-feasor and that judgment is paid and satisfied in full, this operates as a release of all claims against other joint tort-feasors, except as to costs.

It is, therefore, our conclusion that the trial court committed no error in rendering judgment on the pleadings, and its judgment is hereby affirmed.

McNEILL, C. J., and RILEY, BUSBY, and GIBSON, JJ. concur.