### SAFETY CAB CO. et al. v. FAIR.

No. 27360.    Nov. 2, 1937.

Hudson & Hudson, T. A. Aggas, and C. W. Amme, for plaintiffs in error.

I. D. Moseley and Charles Skalnik, for defendant in error.

PHELPS, J.  Plaintiff brought her action against the Safety Cab Company, a corporation, J. Russell Thompson, Tulsa Yellow Cab Taxi & Baggage Company, a corporation, Halliburton-Abbott Company, a corporation, and Sears Roebuck & Company, a corporation, in which she 'alleged that the Tulsa Yellow Cab Taxi & Baggage Company was engaged in the business of transporting passengers for hire.  And while so engaged said defendant undertook to carry the plaintiff from her residence in Tulsa to the place of business of the defendants Halliburton-Abbott and Sears Roebuck & Company; that the cab in which plaintiff was riding was operated by the defendant Tulsa Yellow Cab Taxi & Baggage Company by its agent and servant; that while being so transported a collision occurred between the Tulsa Yellow Cab Taxi & Baggage Company's cab and a cab owned by the defendant Safety Cab Company, the latter being operated by the defendant J. Russell Thompson. Plaintiff further alleges th'at each defendant was acting as agent for the other and that they were all guilty  of  negligence, which negligence was the proximate cause of the collision and pl'aintiff's resultant injury, and that she was damaged in the sum of $25,644.

The defendant Tulsa Yellow Cab Taxi & Baggage Company filed its answer which consisted of 'a general denial and a plea of contributory negligence.  The answer of the Safety Cab Company and J. Russell Thompson consisted of a plea of contributory negligence and a general denial, and an admission of 'agency between the defendant Thompson and the Safety Cab Company. The answer of the defendants Halliburton-Abbott Company and Sears Roebuck & Company consisted of a general denial and a

denial of agency of the remaining defendants.

Prior to the trial of the cause a settlement was reached between plaintiff and the defendants Halliburton-Abbott Company and Sears, Roebuck & Company whereby the action was dismissed as to said defendants. In the settlement a release was executed by plaintiff which is a subject of inquiry in this appeal.

The cause went to trial as to the remaining defendants, resulting in a verdict in favor of plaintiff for $2,178.65, less a credit of $600 which represents the amount paid by Halliburton-Abbott Company and Sears Roebuck & Company in the dismissal of the action as to them.

At the conclusion of plaintiff's evidence the defendants Safety Cab Company, J. Russell Thompson, and Tulsa Yellow Cab Taxi & Baggage Company were granted permission to amend their answers to conform to plaintiff's evidence, by pleading the release hereinbefore mentioned as a bar to plaintiff's action against the remaining defendants. To the answers as amended, plaintiff, over the objection of the defendants, filed amended replies. A motion of plaintiffs in error for a continuance as well as motion to strike portions of the amended replies were overruled by the court, which action of the court, together with 14 additional grounds, composes the assignments of error presented in this appeal. Plaintiffs in error, however, specify that the various assignments of error may be classified and discussed under the following specifications:

"That the court erred in overruling defendants' motion to strike paragraphs four, five and six of the amended reply of plaintiff, and further erred in admitting testimony to change, modify or vary terms of the written release given by plaintiff to the defendants, Halliburton-Abbott Company, a corporation, and Sears Roebuck & Company, a corporation."

The release executed by plaintiff on dismissal of her action against Halliburton-Abbott Company and Sears Roebuck & Company is as follows:

"Know All Men By These Presents:

"That we, Stella Fair and Ralph W. Fair, husband and wife, for and in consideration of the sum of one ($1.00) dollar and other good and valuable consideration to us in hand paid by Halliburton-Abbott Company, a corporation, and Sears Roebuck Co., a corporation, the receipt whereof is hereby acknowledged, have remised, released and forever discharged, and by these presents do for our heirs, executors and administrators, remise, release and forever discharge the said Halliburton-Abbott Company, a corporation, and Sears Roebuck & Co., a corporation, their heirs, executors, administrators and assigns, of and from all, and all manner of action and actions, cause and causes of action, suits, debts, dues, sums of money, accounts, reckoning, bonds, bills, specialties, covenants, contracts, controversies, executions, claims and demands whatsoever in law or in equity which against them, the said Halliburton-Abbott Company, a corporation, and Sears Roebuck & Co., a corporation, we ever had, now have, or may hereafter have by reason of the above styled and numbered cause of action, to-wit: Stella Fair, plaintiff, versus Safety Cab Company, a corporation; J. Russell Thompson, Tulsa Yellow Cab Taxi & Baggage Company, a corporation; Halliburton-Abbott Company, a corporation, Sears Roebuck & Co., a corporation, Defendants, Number 59726, filed in the District Court in and for Tulsa County, State of Oklahoma.

"In witness whereof, we have hereunto set our hands this ——— day of August, 1935.

"Stella Fair
"Ralph W. Fair."

That part of plaintiff's amended reply challenged by the plaintiffs in error is as follows:

"Plaintiff further alleges and states that contemporaneously with the execution of the written release, it was orally agreed that she would retain all her right of action against J. Russell Thompson, Tulsa Yellow Cab Taxi & Baggage Company, a corporation, and Safety Cab Company, and that she released and agreed not to continue suit as to Halliburton-Abbott Company, and Sears Roebuck & Company, only, and that dismissal with prejudice would be filed in this cause as to Halliburton-Abbott Company and Sears Roebuck & Company, only, which oral agreement was executed.

"For further reply plaintiff states that at no time was there any intention on the part of either party other than that the plaintiff retain her right of action against Safety Cab Company, a corporation, J. Russell Thompson, and Yellow Taxi & Baggage Company, a corporation, and it was upon this representation that plaintiff was induced to sign, and did sign said release under such representation;

"For further reply plaintiff states and alleges that Halliburton-Abbott Company, and Sears Roebuck Company were not charged as joint tort-feasors, and that no

evidence or proof of any kind has been offered or shown to prove such to be the fact."

Plaintiffs in error complain of the reception of oral evidence in support of the quoted part of the reply, asserting that such evidence is incompetent in that it seeks to change the provisions of the written release; and, second, that parol evidence is inadmissible to show a reservation where the release is absolute on its face.

The authorities are in conflict upon this question, and it would serve no useful purpose to discuss the various reasons given in support of or in opposition to the rule advocated by plaintiffs in error. The modern rule appears to give effect to the intention of the parties so far as possible without violating any rule of law, morals, or public policy. Notes, 104 A. L. R. 852. This rule coincides with the views expressed in Throckmorton's Cooley on Torts, 1930, paragraph 80, wherein it is said:

"And there is now a very respectable body of modern judicial authority in support of the sound and reasonable rule that every instrument in the nature of a release of a joint tort-feasor should be construed so as to carry out the intent of the parties, and, as not having the effect of releasing those tort-feasors not parties to it unless the intent to release them appears from a reasonable interpretation of the entire instrument."

This rule is in harmony with the decisions of this court. In Bland v. Lawyer-Cuff Co., 72 Okla. 128, 178 P. 885, in the syllabus, we held:

"An acknowledgment by the plaintiff of satisfaction against one of two defendants sued as joint tort-feasors will not release the other unless such instrument shows that it was intended to have such effect."

In the body of the opinion this further expression is made:

"The earlier cases are somewhat committed to the doctrine that a release of one or more joint tort-feasors was a release of all, but this doctrine has been modified and changed by the weight of modern authorities, and our courts and the weight of authorities are committed to the opposite rule; that is, that a release of one joint tort-feasor is not a release of all."

The rule is emphasized by this court in the body of the opinion in City of Wetumka v. Cromwell-Franklin Oil Co., 171 Okla. 565, 43 P. (2d) 434. In that case questions not involved in the present case were discussed, but adverting to the rule of law applicable herein, we said:

"Apparently all the authorities hold that plaintiff may pursue his remedy both individually and collectively against joint tort-feasors and he may settle and compromise and receive pay from one joint tort-feasor without prejudice to his prosecuting his action against others, or he may obtain joint and several judgments against all joint tort-feasors. * * *"

In the present case there was a settlement with certain defendants before judgment; the consideration named is nominal and the amount actually paid by the discharged defendants cannot reasonably be considered as full compensation for the injuries received under plaintiff's proof. The terms of the release itself indicate quite plainly that the intention of the parties was to release only the defendants against whom the action was dismissed. In this situation the admission of parol evidence explaining the intent of the parties is not error. Conversely, if the release did not fully express the intention of the parties, the evidence offered in support of plaintiff's amended reply did not change the provisions or terms of the written agreement. but merely explained the full understanding of the parties and was, therefore, not incompetent. First Nat. Bank in Tonkawa v. Beatty, 172 Okla. 47, 45 P. (2d) 158.

Finding no error in the trial of the cause, the judgment is affirmed.

OSBORN, C. J., and RILEY, GIBSON, and DAVISON, JJ., concur.