## ADAMS v. STANOLIND OIL & GAS CO. et al.

No. 29016. May 14. 1940.

Rehearing Denied June 25, 1940.

*103 P. 2d 526.*

Hal Welch and Carloss Wadlington, both of Ada, for plaintiff in error.

Busby, Harrell & Trice, of Ada, for defendants in error.

PER CURIAM. This is an action to recover damages by reason of the pollution of a stream and overflow of land of the plaintiff which he held under an agricultural lease. The allegations of the petition are in three causes of action: (1) The loss of a spring; (2) the loss of a mule; (3) the loss of a well.

At the conclusion of the evidence offered by the plaintiff the defendants demurred to the evidence, which demurrer was sustained. Motion for new trial of the plaintiff in error was filed and overruled, and plaintiff alleges error.

As to the causes of action 1 and 3, relating to the loss of the spring and the loss of the well, the rule is stated in Carter Oil Co. v. Means, 180 Okla. 585, 71 P. 2d 705, and Commercial Drilling Co. v. Kennedy, 172 Okla. 475, 45 P. 2d 534, to the effect that the plaintiff can recover only such damages as occurred by reason of the pollution which occurred subsequent to the date he acquired the lease, and the measure of damages is the difference in the market value caused by the pollution. Plaintiff was a lessee of surface or agricultural lease, and assuming that the proof was sufficient to establish damages by the defendants subsequent to the date of the acquisition of the lease, the evidence wholly failed to establish any difference in value prior to and subsequent to the pollution which resulted in a damage to the plaintiff.

As to the cause of action number 2, for the alleged loss of a mule, the plaintiff, the sole witness, testified that oil was allowed to escape from the premises of the defendants through ditches into a creek called Buckhorn creek; that about March 1, 1937, there was a big overflow of this creek, causing the refuse to escape on to the pasture of the leased land of plaintiff, and that the mule, of the reasonable value of $125, ate the grass and became poisoned and died about April 10, 1937. This court has held that a demurrer to the evidence admits all the facts which the evidence reasonably tends to prove, and all the inferences and conclusions which may be reasonably and logically drawn from the evidence, and, upon a demurrer to the evidence, the plaintiff is entitled to every inference which the evidence, considered in the light most favorable to him, reasonably tends to prove. Ziska v. Ziska, 20 Okla. 634, 95 P. 254; Rawlings v. Ufer, 61 Okla. 299, 161 P. 183; Baker v. Chaney, 167 Okla. 164, 28 P. 2d 1092.

Under the above authorities, the evidence tended reasonably to disclose that oil was permitted to escape from the premises of the defendant into Buckhorn creek, which overflowed, polluting the lands under lease by the plaintiff, and poisoned his mule, reasonably worth $125, and that by reason of the poison the mule died, causing the damage to the plaintiff.

The defendants urge that subsequent to the date of filing of the action, the Superior Oil Company, originally made a defendant, paid the sum of $75 to the plaintiff, whereupon plaintiff dismissed the action as to the Superior Oil Company. This set of facts was established by undisputed evidence. However, plaintiff denied that the settlement in the sum of $75 paid for the mule, but contended that the settlement with the Superior Oil Company was on an old case and for other damages. This was a question of fact to be submitted to the jury upon the contentions of the parties. This court has announced the rule that the plaintiff may pursue his remedy both individually and collectively against joint tort-feasors and he may settle and compromise and receive pay from one joint tort-feasor without prejudice to prosecuting his action against the remaining joint tort-feasors. City of Wetumka v. Cromwell-Franklin Oil Co., 171 Okla. 565, 43 P. 2d 434; Safety Cab Co. v. Fair, 181 Okla. 264, 74 P. 2d 607; Bland v. Lawyer-Cuff Co., 72 Okla. 128, 178 P. 885; City of Tulsa v. McIntosh, 90 Okla. 50, 215 P. 624; Cain v. Quannah Light & Ice Co., 131 Okla. 25, 267 P. 641.

The judgment is reversed and the cause is remanded, with directions to grant a new trial.

BAYLESS, C. J., and OSBORN, HURST, DAVISON, and DANNER, JJ., concur.