## SYKES v. WRIGHT et al.

No. 33199.   May 3, 1949.

*205 P. 2d 1156.*

Marvin B. Simpson, of Ft. Worth, Tex., and Williams & Williams, of Ardmore, for plaintiff in error.

Busby, Harrell & Trice, of Ada, and Duke Duvall and Dudley, Duvall & Dudley, all of Oklahoma City, for defendants in error.

ARNOLD, V. C. J.   Action for wrongful death by Mrs. Irene Ormand Sykes against J. G. Wright and Commercial Standard Insurance Company.   Motion of defendants for judgment on the pleadings sustained and plaintiff appeals.

On March 15, 1946, the plaintiff filed a petition in the district court of Garvin county against the defendant, J. G. Wright, a motor carrier, and the Commercial Standard Insurance Company, Wright's insurance carrier, seeking damages for the wrongful death of her husband.   To this petition the defendant filed general denials and pleas of contributory negligence.   Thereafter, on the 1st day of February, 1947, the defendants filed amended answers, in which they pleaded as a bar to the instant action a judgment rendered by the district court of Tarrant county, Tex., in an action brought by plaintiff here against the Gulf, Colorado & Santa Fe Railway Company, and attached to said answers, as exhibits, a transcript of the pleadings and judgment in said cause.

This transcript reflected that the plaintiff had, in March, 1945, instituted in the district court of Tarrant county, Tex., an action, alleging therein the wrongful death of her husband as a result of the accident alleged in the instant case, and seeking judgment therefor against the defendant railway company in the sum of $40,000. To this petition, the railway company responded with an answer and amended answer in which various pleas of contributory negligence and denial of liability, not relevant here, were asserted as a defense.

To the amended answers of the defendants, the plaintiff filed her reply denying generally the allegations of said answers, except as to the fact that she instituted the action against the Gulf, Colorado & Santa Fe Railway Company as shown by the exhibits attached to the amended answers.

Plaintiff presents her assignments of error under one proposition, to wit:

"The entry of the judgment approving a settlement in the form of a covenant not to sue and ordering the distribution of the fund created by the settlement in an action for wrongful death is not a bar to a subsequent action against another joint tort-feasor."

Plaintiff's intestate was an engineer on one of the Gulf, Colorado & Santa Fe Railway Company passenger trains on the day of the accident which resulted in his death from a collision of said train with a motor truck at a grade crossing some two miles north of Pauls Valley in Garvin county. The truck was owned by defendant, J. G. Wright, and was being operated by his servant and employee John C. Kerr. This motor truck was hauling gasoline and the impact of the collision burst the tank containing the gasoline and caused the same to be sprayed over the locomotive and to be ignited by the fires of the locomotive enveloping the cab of the engine in flames and forcing both the engineer and fireman to jump therefrom in an effort to avoid death or serious injury. The engineer, Sykes, was killed instantly when he leaped from the cab.

Thereafter, plaintiff commenced an action in the district court of Tarrant county, Tex., being No. 49685-A on the docket of that court, wherein Irene Ormand Sykes, administratrix of the estate of W. T. Sykes, deceased, was plaintiff, and Gulf, Colorado & Santa Fe Railway Company was defendant, to recover damages for the wrongful death of her husband. After issues were joined in that action, plaintiff and defendant entered into a written agreement by the terms of which plaintiff's claim in that action was compromised and settled for the sum of $8,500 upon the conditions thus expressed:

"This agreement being conditioned, however, upon (1) its being approved by the judge of the aforesaid court and given the force and effect of judgment in the cause above referred to and the sum of Eight Thousand Five Hundred

Dollars ($8,500.00) apportioned among such persons as may be found by the Court entitled thereto or to participate therein; and (2) the payment and satisfaction of said judgment by Gulf Colorado and Santa Fe Railway Company, but upon the performance of which conditions this agreement shall become absolute and stand performed as between the undersigned, in her dual capacity, and Gulf, Colorado and Santa Fe Railway Company.

"But the undersigned does now, and will in the event this agreement becomes absolute and performed, expressly reserve and keep alive any and all rights which she or any other person may have, to present claim against, make demand upon, and prosecute suit against J. G. Wright, the owner of the aforesaid colliding truck, and his insurance carrier, Commercial Standard Insurance Company, or any other person, it being the intention of this instrument to create and effect a covenant not to further claim against or to sue Gulf, Colorado and Santa Fe Railway Company upon such causes of action; but it is not the intention hereof to release such claims, demands and causes of action as to others as may now exist for injuries to and death of W. T. Sykes, and this instrument shall be so construed."

Thereafter, and on the 3rd day of January, 1946, judgment was rendered in that action, the journal entry reciting that "came and appeared plaintiff, in person and by her attorney of record, and came and appeared defendant, by its attorney of record, and a jury having been expressly waived by both parties, the cause proceeded to trial before the court upon both the law and the facts." The instrument evidencing the compromise and settlement is then referred to and made a part of the journal entry and attached thereto as Exhibit A. The court then made the following express findings:

"(1) This action arises under the Federal Employer's Liability Act, by virtue of defendant and deceased having been engaged in interstate commerce; (2) plaintiff has instituted this suit and has made claim and demand

for damages against said railway company, and has entered into the aforesaid agreement as the personal representative of deceased, for the benefit of the beneficiaries of deceased under the aforesaid Act; (3) that W. T. Sykes left surviving him three adult children, to wit: Earl Sykes, a son; Grace Lake, a married daughter; and Marie Sykes, an adult single daughter, none of whom was dependent upon deceased for support, and none of whom is entitled to recover damages for his injuries and death under the Federal Employer's Liability Act; and he also left surviving him his widow, Mrs. Irene Ormand Sykes, who was dependent upon him for support and is the sole person entitled to recover for his injuries and death."

Based upon these express findings, the court then rendered judgment· as follows:

"It is accordingly ordered, adjudged and decreed that plaintiff do have and recover of and from Gulf, Colorado and Santa Fe Railway Company the sum of Eight Thousand Five Hundred Dollars ($8,500.00) and all costs in this behalf expended, which sum is apportioned wholly to Mrs. Irene Ormand Sykes, the surviving widow, in her individual capacity; and Gulf, Colorado and Santa Fe Railway Company is directed to pay said sum direct to her and to her attorney of record, and take receipt therefor, in complete relinquishment and bar of all right in plaintiff or any other person, either individually or as personal representative, to assert further claim or file or prosecute suit against Gulf, Colorado and Santa Fe Railway Company or its employees, for injuries to or death of W. T. Sykes."

This judgment and determination by the court was followed in the journal entry by a reservation to plaintiff of the right to proceed by action against J. G. Wright and his insurance carrier, Commercial Standard Insurance Company. This was pursuant to the terms of the written instrument between plaintiff and defendant in that action. It is unnecessary to consider what the effect of this agreement between the parties may have been had plaintiff dismissed her action or had not taken judgment in that court. Such a compromise with, and covenant not to sue one joint tort-feasor, with reservation to plaintiff of the right to proceed against other joint tort-feasors is not the basis of a judgment upon issues joined, which judgment determines the merits of the cause of action, either upon evidence adduced or upon facts agreed upon by the parties, and which judgment has been fully paid and satisfied. The judgment entered in this case was upon the merits and issues joined by the pleadings. The judgment determined the amount all persons dependent on the deceased were damaged. This extinguishes the cause of action and no justiciable claim against others jointly and severally liable for the tort remains. Bland v. Lawyer-Cuff Co., 72 Okla. 128, 178 P. 885; Harn v. Interstate Building & Loan Co. et al., 77 Okla. 265, 188 P. 343; Safety Cab Co. v. Fair, 181 Okla. 264, 74 P. 2d 607; Adams v. Stanolind Oil & Gas Co. et al., 187 Okla. 478, 103 P. 2d 526; All-American Bus Lines et al. v. Saxon, 197 Okla. 395, 172 P. 2d 424.

This purported survival of plaintiff's cause of action after judgment entered and satisfied was ineffectual to confer on plaintiff the right to split her cause of action and to sue other joint tort-feasors upon a cause of action which the judgment of the court and its satisfaction had extinguished. Cain et al. v. Quannah Light & Ice Co., 131 Okla. 25, 267 P. 641; City of Wetumka v. Cromwell-Franklin Oil Company et al., 171 Okla. 565, 43 P. 2d 434; Eberle v. Sinclair Prairie Oil Co., 120 Fed. 2d 746, 135 A.L.R. 1494.

It is fundamental in trial procedure that a motion for judgment on the pleadings should not be sustained where any issue of material fact remains to be determined by the triers of the facts, but in the instant case, under the record here presented and the authorities above cited, the judgment of the district court of Tarrant county, Tex., was a complete bar to the cause

of action alleged by plaintiff in this instant action and no issue of material fact remained to be determined.

Another contention of plaintiff requires notice. It is stated:

"We do not think that this court can find that the judgment in the Texas case amounted to anything more than an approval of the settlement made by the temporary administratrix as an officer of the court, and an order of distribution of the fund."

What we have already said constitutes an answer to this contention, but it should be pointed out that this statement by plaintiff is at variance with the recitals shown in the transcript of the Texas court proceedings, the correctness of which is admitted by plaintiff in her reply to the amended answers of defendants in the instant case. In plaintiff's petition in the Texas case the second paragraph thereof reads:

"Plaintiff brings this suit for the benefit of the estate of the said W. T. Sykes, deceased, and for the use and benefit of herself."

Under the express findings of fact made by the trial court in Texas, it was found that under the Federal Employer's Liability Act no person was entitled to recover damages for the injury and death of W. T. Sykes except his surviving widow who was solely dependent upon him for support, and in its judgment it awarded the entire recovery to her in her individual capacity and ordered satisfaction of the judgment to be made direct to her and to her attorney of record. It is thus apparent that she received nothing under the judgment as special administratrix, but that the entire recovery went to her in her individual capacity. From the entire record it is apparent, and we think conclusively shown, that the recipient of the $8,500 under the Texas judgment is the identical person who instituted the instant action as plaintiff, basing her claim upon the fact that she is the surviving widow of W. T. Sykes, deceased.

Affirmed.

DAVISON, C.J., and WELCH, CORN, GIBSON, LUTTRELL, JOHNSON, and O'NEAL, JJ., concur. HALLEY, J., dissents.

---

HALLEY, J. (dissenting). Long ago we adopted the rule that a plaintiff could release one joint tort-feasor without releasing the others, either before or after judgment (Bland v. Lawyer-Cuff Co., 72 Okla. 128, 178 P. 885; City of Tulsa v. McIntosh et al., 90 Okla. 50, 215 P. 624), and no harm can be done now by going one step further and permitting a plaintiff to settle as to one joint tort-feasor and have the settlement put in judgment without prejudice to the right to pursue the other joint tort-feasors in a separate action.

Every safeguard was thrown about the settlement in the action against the railroad to protect the right to proceed against the other tort-feasors; and to say that because there can be but one satisfaction of a judgment, when the record showed that it was never intended that the judgment taken was a full and complete satisfaction of the death claim as to all tort-feasors, might be logical, but it is not common sense. Here the railroad desired its settlement to go to judgment, but had no intention to satisfy the plaintiff's claim in full as to the other tort-feasors in the accident. The defendants in this case reap where they have not sown, and are being relieved from possible liability when it was not intended. If we hold that the rule laid down in Cain v. Quannah Light & Ice Co., 131 Okla. 25, 267 P. 641, cuts off the right to maintain a second action, regardless of the plain intention of the parties in the first action to preserve the right to sue other persons who may be liable for the tort, I think that case should be overruled insofar as it prohibits such action. Colby v. Walker, 86 N. H. 568, 171 A. 774, 104 A.L.R. 840.

I respectfully dissent.