Mary Ola BROWN, Plaintiff in Error,

v.

William M. BROWN, Defendant in Error.

No. 40791.

Supreme Court of Oklahoma.

Jan. 11, 1966.

Sherman & Gay, Oklahoma City, for plaintiff in error.

Loyd Benefield, of Savage, Gibson, Benefield & Shelton, Oklahoma City, for defendant in error.

PER CURIAM.

The plaintiff, Mary Ola Brown, sued her husband, William M. Brown, for damages for personal injuries which she alleged she sustained as the result of a collision between an automobile being driven by her husband, in which she was a passenger, with an automobile being driven by one Edith Mary Taylor. The parties will be

referred to as they appeared below. In her petition plaintiff alleged that the defendant was guilty of negligence in several particulars, including making or attempting to make a left-hand turn in the face of oncoming traffic at the time of the collision and violating a municipal ordinance of the City of Oklahoma City, Oklahoma, and that the collision between the automobile in which plaintiff was riding and the automobile of the said Edith Mary Taylor was due to the negligence of the defendant. She alleged she was thrown out of the automobile; that she sustained painful and permanent injuries, including a skull fracture in the right frontal bone, bruises and lacerations to her head and neck, severe nerve root irritation in her cervical spine; that she was rendered unconscious and remained unconscious for 36 hours and that as a result of the injuries, she was unable to perform any duties and required the assistance of others to do and perform ordinary tasks; that she had sustained substantial expenses in the way of hospital and doctor bills and substantial damages because of permanent injuries and pain and suffering.

In his answer the defendant admitted the collision between the automobile which he was driving and in which plaintiff was riding and the automobile being driven by Edith Mary Taylor at the time and place alleged by the plaintiff; denied that he was negligent and alleged that the accident was caused solely and proximately by the negligent acts of Edith Mary Taylor set out in his answer, which included the alleged violation of several ordinances of the City of Oklahoma City regulating the use of highways and streets of said city. The defendant further alleged that if he was negligent, such negligence was imputable to the plaintiff in that at the time of the collision he and plaintiff were engaged in a joint mission for their mutual health and pleasure; that the plaintiff was guilty of contributory negligence in that she failed to warn him against making a left turn although she had knowledge of the direction which she was going and by

exercise of reasonable care should have seen the "No Left Turn" sign and warned him against making such turn.

In his second amended answer defendant further pleaded that plaintiff filed in the District Court of Oklahoma County, Oklahoma, Cause No. 152,692 against Edith Mary Taylor, the driver of the other automobile involved in the accident; that said cause was dismissed with prejudice on the 19th day of May, 1961; that plaintiff executed a release in full for the consideration of $850.00, dated the same day; that said release released not only the said Edith Mary Taylor but all other persons, firms or corporations who are or might be liable from all claims of any kind and character suffered by the plaintiff. An unexecuted copy of the release was attached to the second amended answer and made a part thereof.

Defendant further alleged that said release constituted a settlement upon the merits and a full accord and satisfaction and a retraxit at common law; that the action brought by the plaintiff against her husband involved a splitting of a cause of action.

On August 26, 1963, and before trial, the Court sustained defendant's motion to dismiss with prejudice. The plaintiff prosecutes this appeal from such order of dismissal with prejudice. In their briefs in this Court the parties agree that in doing so the trial court held that the release given by the plaintiff to Edith Mary Taylor, pleaded by the defendant and admitted by the plaintiff, operated to release the defendant in this case, as well as the said Edith Mary Taylor, and precluded plaintiff from maintaining this action.

The plaintiff here contends that, as alleged in her reply, neither of the parties intended by the release that any person other than the said Edith Mary Taylor should be released thereby; that she did not receive full compensation for her injuries from the said Edith Mary Taylor; that no other person paid any part of the consideration which she received for said release, and

that said release was not intended to and did not release the said William M. Brown from any liability by virtue of his being a joint tort-feasor with the said Edith Mary Taylor in the accident in which plaintiff sustained her injuries. The only error she urges is that the court erred in sustaining defendant's motion to dismiss with prejudice on the ground that plaintiff was precluded by said release from maintaining this action.

The copy of the release attached to defendant's second amended answer, the execution of which is admitted by plaintiff, is as follows:

"RELEASE IN FULL

"FOR THE SOLE AND ONLY CONSIDERATION OF Eight Hundred and Fifty—Dollars ($850.00) to me/us paid, receipt of which is hereby acknowledged, I/we hereby release and discharge Edith Mary Taylor, his or their heirs, successors and assigns, and all other persons, firms or corporations who are or might be liable, from all claims of any kind or character which I/we have or may have against him or them, and especially because of all damages, losses or injury to persons or property, or both, whether known or unknown, developed, or undeveloped, resulting or to result from accident on or about March 5, 1961, at or near South Western and Southwest 25th Street in Oklahoma City, Oklahoma, and I/we hereby acknowledge full settlement and satisfaction of all claims of whatever kind or character which I/we may have against him or them by reason of the above mentioned damages, losses or injuries.

"I/we have represented that the injuries sustained are permanent and progressive and that recovery therefrom is uncertain and indefinite, and in making this release and agreement, it is understood and agreed that I/we rely wholly upon my/our own judgment, belief and knowledge of the nature, extent and duration of said injuries and that no representations or statements regarding said injuries or regarding any other matter made by the persons, firms or corporations who are hereby released or any person or persons representing him or them or by any physician or surgeon by him or them employed has influenced me/us to any extent whatever in making this release.

"It is further understood and agreed the payment of said amount is not to be construed as an admission of liability upon the part of said person, firms or corporations; liability being by him or them expressly denied.

"All agreements and understandings between the parties hereto are embodied and expressed herein and the terms of this release are contractual and not a mere recital.

"I/WE HAVE READ THE FOREGOING RELEASE AND FULLY UNDERSTAND IT.

"Signed, sealed and delivered this ____ day of May, 1961.

"(Claimant sign below)

"_____
Mary Ola Brown

"_____
William M. Brown."

The names of plaintiff and defendant were typed below the signature lines at the bottom of said release. Plaintiff admits signing it. The record does not show whether or not defendant signed the release. Neither party makes mention of the fact that his name was typed below a signature line at the bottom of the release or whether he did or did not execute it.

Plaintiff here contends that her evidence will support the allegations in her reply that there was no intention on her part to

release William M. Brown by accepting a nominal sum from and releasing the other driver involved in the collision; that this case is governed by the holdings of this Court in All American Bus Lines v. Saxon, 197 Okl. 395, 172 P.2d 424, and Barsh v. Mullins, Okl., 338 P.2d 845, as well as cases from other jurisdictions which she cites and quotes from.

Defendant, for affirmance of the judgment in his favor, relies upon All American Bus Lines v. Saxon, supra, and other cases therein cited.

In none of the cited cases do we find a release identical with the release before the Court in this case, which not only released the named joint tort-feasor and her heirs, successors and assigns, but also "all other persons, firms or corporations who are or might be liable from any claims of any kind or character * * * because of all damages, losses or injury to persons or property, or both, whether known or unknown, developed, or undeveloped, resulting or to result * * *." Further, the release provided "I/we hereby acknowledge full settlement and satisfaction of all claims of whatever kind or character which I/we may have against him or them by reason of the above mentioned damages, losses or injury." The release further provided: "It is further understood and agreed the payment of said amount is not to be construed as an admission of liability upon the part of said person, firm or corporation; liability being by him or them expressly denied * * All agreements and understandings between the parties hereto are embodied and expressed herein and the terms of this release are contractual and not a mere recital."

In All American Bus Lines v. Saxon, supra, relied on by both sides, this Court said:

"It is contended that 'Plaintiff, by releasing his claim against Reva Mae Parkinson * * * released all other defendants'.

"Defendants call attention to the distinction between a covenant not to sue one, or less than all, of several joint tort-feasors, and a release. The distinctions are stated in Hawber v. Raley, 92 Cal.App. 701, 268 P. 943; Chetwood v. California Nat. Bank, 113 Cal. 414, 45 P. 704.

"The release and discharge from all damages by an injured person, as a general rule, releases all joint tort-feasors despite a statement contained in a release to the contrary. Gunther v. Lee, 45 Md. 60, 24 Am.Rep. 504; McBride v. Scott, 132 Mich. 176, 93 N.W. 243, 61 L.R.A. 445, 102 Am.St. Rep. 416, 1 Ann.Cas. 61; Abb v. Northern Pacific R. Co., 28 Wash. 428, 68 P. 954, 58 L.R.A. 293; Sunset Copper Co. v. Black, 125 Wash. 565, 217 P. 5; Clark v. Union Elec. Light & Power Co., 279 Mo. 69, 213 S.W. 851. But the question is not free from doubt. McBride v. Scott, supra. Authorities to the contrary are not wanting in number or reasons stated. Whatever the rule elsewhere may be, this court is definitely committed so that *'As between debtors and joint tort-feasors complete and full satisfaction by one releases all; but, if the instrument claimed to be a release contains a reservation of the right to sue the other joint debtor or tort-feasor, it cannot be said to be a release at all, but is, in effect, a covenant not to sue or proceed against the person released.'* Harn v. Interstate Bldg. & Loan Co., 77 Okl. 265, 188 P. 343, 346; Dodson v. Continental Supply Co., 175 Okl. 587, 53 P.2d 582.

"In Safety Cab Co. v. Fair, 181 Okl. 264, 74 P.2d 607, it is held: 'An acknowledgment by the plaintiff of satisfaction against two of five of the defendants sued as joint tort-feasors *will not release the others unless such instrument shows that it was intended to have such effect.'* Bland v. Lawyer-Cuff Co., 72 Okl. 128, 178 P. 885; City of Wetumka v. Cromwell-Franklin Oil Co., 171 Okl. 565, 43 P.2d 434. In Dodson v. Continental Supply Co.,

supra, it is said that the rule is in accord with the weight of authorities. Adams v. Stanolind Oil & Gas Co., 187 Okl. 478, 103 P.2d 526; American Nat. Bank of Enid v. Crews, 191 Okl. 53, 126 P.2d 733; City of Tulsa v. McIntosh, 90 Okl. 50, 215 P. 624; Cain v. Quannah Light & Ice Co., 131 Okl. 25, 267 P. 641.

"In Safety Cab Co. v. Fair, supra, the rule stated in Throckmorton's Cooley on Torts, 1930, par. 80, persuaded us: 'And there is now a very respectable body of modern judicial authority in support of the sound and reasonable rule that every instrument in the nature of a release of a joint tort-feasor should be construed so as to carry out the intent of the parties, and, as not having the effect of releasing those tort-feasors not parties to it *unless the intent to release them appears from a reasonable interpretation of the entire instrument.'* We are not now persuaded to depart from the rule." (Emphasis added.)

In Dodson v. Continental Supply Co., supra, we said:

"This court holds in accord with the weight of authority that if a release given to one joint debtor contains a reservation of the right to proceed against the other joint debtors, the release given does not relieve all the joint debtors. Harn v. Interstate Bldg. & Loan Co., 77 Okl. 265, 188 P. 343; 23 R.C.L. 404, 53 C.J. 1251.

"In the body of the Harn opinion, 77 Okl. 265, 188 P. 343, 346, page 346, the rule is stated: 'It is now well settled as between joint debtors and joint fort-feasors complete and full satisfaction by one releases all; but, *if the instrument claimed to be a release contains a reservation of the right to sue the other joint debtor or tort-feasor, it cannot be said to be a release at all, but is, in effect, a covenant not to sue or proceed against the person released.'"* (Emphasis added.)

■ The release in the Saxon case did not purport to release the other alleged joint tort-feasors. The release executed by the plaintiff in this case not only released "all other persons, firms or corporations who are or might be liable" but acknowledged "full settlement and satisfaction of all claims of whatever kind or character which I/we may have against him or them by reason of the above mentioned damages, losses or injury." It further provided that the consideration paid for the release should not be construed as an admission of liability by such *persons, firms, or corporations* and that all agreements and understandings by the parties embodied and expressed in the release were contractual and not recitational. Can it be said that the terms of the release, itself, indicate that the intention of the parties was to release only the defendant against whom the action was dismissed? Safety Cab Co. v. Fair, supra. We think not. We are constrained to hold that the release intended to release "all other persons, firms or corporations who are or might be liable from all claims of any kind or character" arising out of the accident. To hold otherwise would be to disregard the plain language of the release.

■ Plaintiff does not contend that she was imposed upon in the execution of the release or that she was over-reached, or that fraud was practiced upon her by the person securing the release. The only attack she makes upon the release is that the amount she received for it was not full compensation for her injuries and that she did not intend to release her husband when she signed the release. Making these concessions to the plaintiff would not relieve her of responsibility for the plain language of a release which she admittedly freely executed. The release is not subject to attack in this action on those grounds. Darby Petroleum Co. et al. v. Bowers, 185 Okl. 285, 91 P.2d 663.

■ Plaintiff alleged in her reply that she did not intend to release any one except Edith Mary Taylor, *"who was in truth*

*and in fact not the guilty party or the cause of said accident."* No argument is made or authority cited by plaintiff in support of her right to inject this issue into the case. For this reason we could assume that plaintiff thereby intended to waive this contention. Since the case was disposed of by dismissal by the District Court without trial, we consider whether plaintiff could have raised such issue on trial. In the case of Hillyer v. City of East Cleveland, 155 Ohio St. 552, 99 N.E. 2d 772, the Supreme Court of Ohio determined a like proposition adverse to plaintiff's contention and in doing so said:

"In Hubbard v. St. Louis & Meramec River Rd. Co., 173 Mo. 249, 72 S.W. 1073, 1074, the Supreme Court of Missouri quoted from Tompkins v. Clay Street Ry. Co., 66 Cal. 163, 4 P. 1165, as follows: ' "The compromise of the asserted claim does not necessarily involve an admission on the part of him against whom the claim is asserted that the claim is well founded. * * * But the other party should not be allowed to deny that he had any right to the money, the payment of which he induced under pain of a prosecution of the action already commenced. He should not be permitted to assert, with any beneficial result to himself, 'I pursued the defendant falso clamore, and I took [his] money by way of a settlement of a pending action in which I never could have recovered.' " ' See, also, Abbott v. City of Senath, Mo. Supp., 243 S.W. 641.

"The Supreme Court of Indiana has held to the view that where there is an appearance of liability which is something in the nature of a claim and there is a settlement by the one against whom the claim is made, the claimant thereafter is precluded to say that the one against whom he made the claim was without fault.

"In the case of Cleveland, Cincinnati, Chicago & St. Louis R. Co. v. Hilligoss, 171 Ind. 417, 86 N.E. 485, 131 Am.St.Rep. 258, the N.E. headnote reads:

" 'While one who compromises a claim does not necessarily admit that the claim was well founded, the one who receives the consideration is precluded from denying that it was well founded, and, when a pretended claim for a tort has been settled and satisfaction has been rendered the claimant by one so connected with the wrong as to be reasonably subject to an action and possible liability as a joint tort-feasor, the satisfaction will release all who may be liable, though the one released was not liable.' "

■ We find ourselves in accord with that portion of the quoted language from the Hillyer case which holds that a litigant should not be permitted to assert a claim against a tort-feasor, file suit thereon, accept money in settlement of such suit and then contend that the person she sued and whose money she took was not, in fact, at least a joint tort-feasor and at least partly responsible for the accident in which she claimed to have been injured.

The issues raised by this appeal are issues of law and not of fact. In our judgment, plaintiff does not bring herself within the rules laid down in the cases upon which she relies for reversal.

The order of dismissal with prejudice is affirmed.

This Court acknowledges the services of Louis A. Fischl, who with the aid and counsel of R. Rhys Evans and Gene T. Ritter, as Special Masters, prepared a preliminary advisory opinion. These attorneys had been recommended by the Oklahoma Bar Association and appointed by the Court. The Chief Justice then assigned the case to WILLIAMS, J., for review and study, after which and upon consideration by the Court, the foregoing opinion was adopted.