Willis KNIGHT, Petitioner,

v.

George McBEE, Judge of the District Court of LeFlore County, State of Oklahoma, Respondent.

No. 71579.

Supreme Court of Oklahoma.

Nov. 14, 1988.

Concurring Opinion Jan. 30, 1989.

As Corrected Jan. 30, 1989.

Rehearing Denied Feb. 1, 1989.

## ORDER

DOOLIN, Chief Justice.

Original jurisdiction is assumed. Let writ of prohibition issue.

Petitioner, as a passenger, brought a personal injury suit against two defendants, the driver and the owner of a motor vehicle involved in an accident. The driver was alleged to be negligent in his operation of that vehicle. The owner was alleged to have negligently entrusted the vehicle to the driver and knowingly permitted its operation by a person not qualified in violation of 47 O.S. 1981, § 6–307. Respondent Judge ordered the trial to be bifurcated as to the two defendants.

The civil liability for knowingly permitting a motor vehicle to be operated by a person not qualified is that of a joint tortfeasor with the operator. Section 6–307, *supra.* Under comparative negligence, multiple tortfeasors are severally liable only. Each defendant can be liable only for the percentage of the award of damages attributable to him. 23 O.S. 1981, § 13; *Laubach v. Morgan,* 588 P.2d 1071 (Okla.1978). A joint tort gives rise to but a single cause of action. *Sykes v. Wright,* 201 Okl. 346, 205 P.2d 1156 (1949). The order to bifurcate in this case splits or divides a single cause of action at law for two trials by jury. Because a legal cause of action cannot be split or divided, it is not subject to bifurcation for trial purposes within the meaning of 12 O.S.Supp.1984 § 2018(D) in the absence of some *compelling* circumstances. *Christian v. American Home Assur. Co.,* Okl., 577 P.2d 899, 905–906 [1977]; *Retherford v. Halliburton Co.,* Okl., 572 P.2d 966, 969–970 [1978].

The respondent Judge, or any other assigned judge, is prohibited from proceeding in cause No. C–87–271, District Court LeFlore County, styled *Willis Knight v. William Condy Wells, et al.,* with a bifurcated trial as provided in the order, filed August 17, 1988, in that cause.

HODGES, LAVENDER, ALMA WILSON, KAUGER and SUMMERS, JJ., concur.

HARGRAVE, V.C.J., and SIMMS, J., dissent.

OPALA, V.C.J.,* concurs in result.

SIMMS, Justice, dissenting:

At this stage of the proceeding in the trial court, I would refuse to assume original jurisdiction.

OPALA, Vice Chief Justice, concurring in result.

While I accede to the court's holding that this *single tort* should not be split for trial as though it comprised *two* separate claims, I am of the view that this case *could* be tried to the same jury in *three different stages.*

The *first* trial stage could be confined to the *factum* of the driver's negligence; the *second* to the issue of the owner's negligence in the wrongful entrustment of the car; and the *third* to the plaintiff's damages, in the event *both* or *either* defendant was to be found negligent in a preceding stage of the *trichotomous* (three-part) *trial.*

The *tri* furcation I counsel today would neither "split" this action to recover for a single tort nor offend our fundamental law's prohibition[1] against submitting a case for the jury's decision by "special verdict."[2]

---

* Effective January 1, 1989.

1. See Art. 7 § 15, Okl Const.; 12 O.S.1981 §§ 587 and 588; *Smith v. Gizzi,* Okl., 564 P.2d 1009, 1012–1013 [1977], and *McKellips v. Saint Francis Hosp., Inc.,* Okl., 741 P.2d 467, 476–477 [1987].

2. The verdict is "special" if it is not "wholly determinative" of the right of recovery. *Smith v. Gizzi, supra* note 1 at 1013.