UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

MIDWEST CITY REGIONAL
HOSPITAL,

      Plaintiff-Appellant,

v.

GENERAL INSURANCE COMPANY
OF AMERICA; AON DIRECT
GROUP, INC.; JOHN L. WORRALL;
WILLIAM E. BAUER; WOBAR,
INC.,

      Defendants-Appellees.

Nos. 95-6434
95-6461

ORDER
Filed March 18, 1997

Before ANDERSON, KELLY, and LUCERO, Circuit Judges.

This matter is before the court on appellant's petition for rehearing. The
materials submitted by appellant have been reviewed by the members of the
hearing panel, who conclude that the original disposition was correct. Therefore,
the petition for rehearing is denied on the merits.

By this order, however, please be advised of the following amendment to the order and judgment filed January 28, 1997. Footnote one on page two of the order and judgment is amended to read:

> In its order granting summary judgment to General, the district court directed Midwest to show cause as to why summary judgment should not be entered in favor of the remaining defendants. Midwest failed to respond and the district court subsequently entered summary judgment for the remaining defendants. Although Midwest referred to this second order in its notice of appeal, it failed to brief the issues presented by the second order. Therefore, this court considers these issues abandoned and waived on appeal. See, Phillips v. Calhoun, 956 F.2d 949, 954 (10th Cir. 1992) (issues designated for review are waived if not actually argued in the party's brief); Abercrombie v. City of Catoosa, 896 F.2d 1228, 1231 (10th Cir. 1990) (failure to argue issue in appellate brief constitutes waiver, even when issue is listed in appellant's notice of appeal).

The amended order and judgment will reissue this date.

Entered for the Court
PATRICK FISHER, Clerk


By /s/
Deputy Clerk

F I L E D
United States Court of Appeals
Tenth Circuit

MAR 18 1997

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

MIDWEST CITY REGIONAL
HOSPITAL,

      Plaintiff-Appellant,

v.

GENERAL INSURANCE COMPANY
OF AMERICA; AON DIRECT
GROUP, INC.; JOHN L. WORRALL;
WILLIAM E. BAUER; WOBAR,
INC.,

      Defendants-Appellees.

Nos. 95-6434
95-6461
(D.C. No. CIV-95-445-C)
(W.D. Okla.)

---

ORDER AND JUDGMENT[*]

---

Before ANDERSON, KELLY, and LUCERO, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff, Midwest City Regional Hospital (Midwest), appeals the district court's order granting summary judgment to defendant, General Insurance Company of America (General).[1]  The district court concluded that although the claims against General were not res judicata, they were precluded by a general release and a release and satisfaction of judgment in a prior action brought by Midwest against Ben Kennedy & Associates, Inc. (Kennedy).  We hold that the grant of summary judgment to General was error, and we reverse.

We review the grant of summary judgment de novo and apply the same standard used by the district court.  Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir. 1990).  Summary judgment is appropriate where "'there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law.'"  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56(c)).

---

[1]     In its order granting summary judgment to General, the district court directed Midwest to show cause as to why summary judgment should not be entered in favor of the remaining defendants.  Midwest failed to respond and the district court subsequently entered summary judgment for the remaining defendants.  Although Midwest referred to this second order in its notice of appeal, it failed to brief the issues presented by the second order.  Therefore, this court considers these issues abandoned and waived on appeal.  See Phillips v. Calhoun, 956 F.2d 949, 954 (10th Cir. 1992) (issues designated for review are waived if not actually argued in the party's brief); Abercrombie v. City of Catoosa, 896 F.2d 1228, 1231 (10th Cir. 1990) (failure to argue issue in appellate brief constitutes waiver, even when issue is listed in appellant's notice of appeal).

FACTS AND PROCEDURAL HISTORY

The basic facts of this case are undisputed. Kennedy, an insurance broker, issued a liability insurance policy to Midwest for the period of July 1, 1990 through July 1, 1991. The policy stated that it provided coverage for prior acts from January 1, 1976 to July 1, 1990. In August 1990, Kennedy became aware that the policy was issued on a nonexistent insurance company and was bogus. Allegedly on instructions from General, Kennedy delayed notifying Midwest until April, 1991, at which time Kennedy replaced the bogus policy with a legitimate policy, but without the prior acts coverage. Midwest subsequently filed suit against Kennedy asserting gross negligence, fraud, the tort of outrage, and breach of contract.

Following trial, a jury awarded Midwest damages in the amount of $1,675,000. The parties subsequently entered into a settlement agreement wherein Midwest received $800,000 which was paid by General as Kennedy's errors and omissions carrier. In return, Midwest executed a general release and filed a satisfaction of judgment and release, acknowledging full satisfaction of the judgment.

Midwest then brought a second suit against defendants, claiming gross negligence, bad faith, intentional interference with a business contract, conspiracy

to defraud, and ratification based on Midwest's allegation that on the instructions of E & O Professionals, an agent of General, Kennedy delayed advising Midwest of the bogus policy. Midwest claimed that this delay prevented it from obtaining comparable coverage for the same premium.

Defendants moved for dismissal claiming that any action against them was barred by the terms of the general release executed by Midwest and the satisfaction of judgment and release filed in the action against Kennedy, and that Midwest was attempting impermissibly to split a cause of action. Midwest asserted that the claims against General were separate and distinct from those brought against Kennedy, and that the releases did not purport to release General from individual torts. Midwest further asserted that because the amount received from Kennedy only partially satisfied the judgment, the rule against splitting a cause of action did not apply.

The district court converted defendants' motion to dismiss under Fed. R. Civ. P. 12(b)(6) to a motion for summary judgment. See Fed. R. Civ. P. 12(b). The court determined that because Midwest was asserting separate and distinct claims against General, its claims were not barred by res judicata, but were barred by the language of the releases. On appeal, Midwest does not contest the res

judicata determination,[2] but only challenges the district court's grant of summary judgment based on its determination that the satisfaction of judgment and release and general release bar the claims against General.

DISCUSSION

Following settlement in the suit against Kennedy, Midwest filed a satisfaction of judgment and full release which stated in part:

> WHEREFORE, Satisfaction of the Judgment is hereby acknowledged and the Clerk of the Court is authorized and directed to make an entry of the satisfaction on the judgment docket.
>
> Midwest City Regional Hospital hereby fully releases Ben Kennedy & Associates, Inc., its officers, directors, shareholders, agents, employees, representatives and errors and omissions carriers from any liability related to or arising from the causes of action set forth in the above-styled case.

Appellee's Supp. App. at 15-16. In addition, although not filed, Midwest executed a general release which stated:

> Midwest City Regional Hospital Authority, d/b/a the Midwest City Regional Hospital, does hereby acknowledge receipt in hand of Eight Hundred Thousand Dollars ($800,000.00) from Ben Kennedy & Associates, Inc., and in consideration of said sum, Midwest City Regional Memorial Hospital Authority, d/b/a Midwest City Regional

_____

[2] In its answer brief, General attempts to appeal the district court's res judicata determination. Although an appellee may defend a judgment without filing a cross appeal, an appellee may not attack a lower court judgment with a view toward enlarging its own rights or lessening the rights of appellant without filing a cross appeal. Hansen v. Director, OWCP, 984 F.2d 364, 367 (10th Cir. 1993). Therefore, we do not address General's arguments on the res judicata issue.

-5-

Hospital, does hereby release Ben Kennedy & Associates, Inc., its officers, directors, shareholders, agents, employees and representatives . . . and Ben Kennedy & Associates, Inc.'s insurers and their agents, representatives and employees, together with their heirs, successors, estates or assigns, from liability as surety and indemnitor of Ben Kennedy & Associates, Inc., for any and all allegations, claims, causes of action and damages asserted in the case styled *Midwest City Regional Hospital v. Ben Kennedy & Associates, Inc.*, Case No. CJ-91-7272, filed in the District Court of Oklahoma County, Oklahoma and in the counter-appeal styled *Midwest City Hospital v. Ben Kennedy & Associates*, Case No. 83,955 in the Supreme Court of Oklahoma.

Id. at 17-18.

Prior to Oklahoma's adoption of the Uniform Contribution Among Tortfeasors Act (UCATA), Okla. Stat. Ann. tit. 12, § 832, under Oklahoma law, "where a release contained broad language . . . seemingly releasing the entire world," interpretation was limited to the plain language of the release, and all other potential tortfeasors were discharged from liability. Moss v. City of Oklahoma City, 897 P.2d 280, 284 (Okla. 1995) (citing Brown v. Brown, 410 P.2d 52 (Okla. 1966)).

In Moss, the Oklahoma Supreme Court, considering the applicability of section 832(H)(1)[3] of the UCATA to the question, adopted the "specific identify

---

[3]     At times relevant to this case, Okla. Stat. Ann. tit. 12, § 832(H)(1) and (2) provided:

H.  When a release, covenant not to sue or a similar agreement is given in good faith to one of two or more persons liable in tort for

(continued...)

rule" that in order for a general release to discharge potential tortfeasors not parties to the release from liability, "the language contained in the release must expressly designate by name or otherwise specifically identify such other potential tortfeasors."[4] Id. at 286, 288.

Oklahoma has published a line of cases following Moss which further define and refine its policy regarding the effect of a release given to one or more tortfeasors on other potential tortfeasors. In Hoyt v. Paul R. Miller, M.D., Inc., 921 P.2d 350 (Okla. 1996), the court considered an action brought for wrongful death against the health care providers providing medical attention to the deceased after an automobile accident. The court held that there were genuine issues of fact precluding summary judgment as to whether two releases filed in cases against the driver of the automobile and the driver's insurer were intended to represent full compensation for the plaintiff's death.

---

[3](...continued)
> the same injury or the same wrongful death:
> 1. It does not discharge any of the other tort-feasors from liability for the injury or wrongful death unless its terms so provide; but it reduces the claim against others to the extent of any amount stipulated by the release or the covenant, or in the amount of the consideration paid for it, whichever is the greater; and
> 2. It discharges the tort-feasor to whom it is given from all liability for contribution to any other tort-feasor.

[4] We note that in 1995, section 832(H)(1) was amended to read, "[i]t does not discharge any other tort-feasor from liability for the injury or wrongful death unless the other tort-feasor is specifically named." Okla. Stat. Ann., tit. 12, § 832(H)(1).

The Hoyt court stated that the Oklahoma Supreme Court's recent decisions in Kirkpatrick v. Chrysler Corporation, 920 P.2d 122 (Okla. 1996), Shadden v. Valley View Hospital, 915 P.2d 364 (Okla. 1996), and Carmichael v. Beller, 914 P.2d 1051 (Okla. 1996) recognized that the amendment to the UCATA, section 832(H), served to overrule the rule that there cannot be recovery in a malpractice suit by one who has sustained personal injuries in consequence of a third person's negligence, against a physician for injuries resulting from improper treatment, after settlement with full release of the tortfeasor who caused the injuries. Hoyt, 921 P.2d 355-56. Relying on Moss, the court then set forth the new rule that a release given to an original tortfeasor will not discharge any subsequent health care provider unless the health care provider is named or otherwise specifically identified in the release. 921 P.2d at 356-57.

In Jones v. Wilson Industries, Inc. (In re Jones), 804 F.2d 1133, 1142-43 (10th Cir. 1986), we held that section 832(H) did not require that the parties be joint tortfeasors to be applicable, but only that the multiple tortfeasors cause or contribute to the same injury sustained by the plaintiff. The applicability of section 832(H) thus turns, not on whether the parties are joint tortfeasors, but whether there is a common liability. Carmichael, 914 P.2d at 1056. Although it is unclear from the record whether common liability exists between Kennedy and General or whether General's actions constitute an independent and separate

-8-

cause of action, because we ultimately conclude that under either theory the releases cannot be interpreted as discharging General from liability as a potential tortfeasor, we do not need to make this determination here.

General wears two hats in this case, one as the errors and omissions carrier for Kennedy, and one as a potential tortfeasor allegedly causing Midwest to incur damages. The satisfaction of judgment and release contains language releasing "Ben Kennedy & Associates, Inc., its officers, directors, shareholders, agents, employees, representatives and <u>errors and omissions carriers</u> from any liability related to or arising from the causes of action set forth in the above-styled case." Appellee's Supp. App. at 15-16 (emphasis added). Therefore, assuming the existence of common liability, the UCATA is applicable, and General is released from all further liability as Kennedy's errors and omissions insurer. Our question thus becomes whether the release proports to release General as an additional tortfeasor as well.

Our reading of the releases indicates that General, as a potential tortfeasor, was neither named nor otherwise specifically identified as a discharged party. Therefore, if it is determined that common liability exists and the UCATA applies, we must reverse on the basis that the release fails to properly identify General as a discharged party. <u>See</u> <u>Moss</u>, 897 P.2d at 282.

If it is determined that there is no common liability, an independent cause of action may exist against General for the separate harm caused by its alleged actions in instructing Kennedy to delay a disclosure of the bogus policy to Midwest. No language in the releases can be reasonably construed to discharge General under this theory either. Cf. Shadden, 915 P.2d at 370.

We have carefully reviewed the record on appeal and in particular, the satisfaction of judgment and release and general release at issue. In that General was not named or specifically identified in any other capacity other than as Kennedy's errors and omissions carrier, the releases were not sufficient to discharge General from the liability asserted by Midwest in its suit. Summary judgment in General's favor was therefore, improper. See Wolf v. Prudential Ins. Co., 50 F.3d 793, 796 (10th Cir. 1995) (summary judgment is appropriate only when there is no substantial dispute as to any material fact, and the movant is entitled to judgment as a matter of law).

Finally, we briefly address General's argument that Midwest's second suit would constitute an impermissible splitting of the cause of action. In Kirkpatrick, the Oklahoma court considered and altered the existing law regarding what constitutes impermissible splitting of a cause of action. The court concluded that when the amount of damages has been determined by an adjudication on the merits, or when the parties agree on a settled amount as full compensation for the

-10-

plaintiff's injuries, a plaintiff is precluded from proceeding against other tortfeasors. 920 P.2d at 129. In such circumstances, allowing the plaintiff to proceed against other potential tortfeasors would "breed inefficiency and thwart the beneficial goal of bringing finality to litigation." Id. at 130. On the other hand, when "the agreed or consent judgment is merely part of a settlement of the case never intended to discharge absent tortfeasors and never intended to represent full compensation . . . a different result should obtain." Id.

Here we are confronted with the unique situation where an amount of damages has been determined by actual adjudication, and also where the lesser amount paid in satisfaction of the judgment was a result of settlement by the parties. Because the adjudicated amount was never paid, and we are still faced with the question of whether the $800,000 was intended as full compensation for Midwest's damages, we see no reason to deviate from the Kirkpatrick reasoning.

In Hoyt, the court held that summary judgment was improper because, although the language in the releases acknowledged full payment and satisfaction for any claim raised in the suit against the original tortfeasor, there was no evidence in the record showing that the amounts paid were intended to be full compensation for the plaintiff's death. 921 P.2d at 354, 358. We find no evidence in the record here upon which to base a conclusion that the amount of settlement was intended to represent full compensation for Midwest's injury.

Indeed, the discrepancy between Midwest's formally adjudicated damages of $1,675,000 and its settlement with Kennedy for $800,000 strongly suggests the contrary. We therefore hold that Midwest's suit against General would not constitute an impermissible splitting of its cause of action. [5]

Accordingly, the November 8, 1995, judgment of the United States District Court for the Western District of Oklahoma, granting summary judgment to General Insurance Company of America, is REVERSED, and this matter is REMANDED to the district court for further proceedings.[6]

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge

---

[5] We note that Midwest asserts that it entered into the settlement agreement due to Kennedy's insolvency and pending bankruptcy. Midwest contends that the bankruptcy court lifted the automatic stay only to the extent of the errors and omissions policy limits, of which only $800,000 of the $1,000,000 limit available during a policy period still remained.

[6] Because the issue is not before us for decision, in reversing and remanding this case, we make no determination as to any possible deduction of the amount of settlement against Kennedy from any judgment that might be forthcoming as a result of Midwest's suit against General.